### COMFORT *vs.* FULTON and SOULES.

Severing and carrying away by one act, a growing crop of less than $25 in value, is no criminal offense, unless charged to have been done maliciously; and if so charged, it is a misdemeanor, as a " malicious trespass;" but it is not stealing.

A justice of the peace has no right to issue a warrant of arrest, in a criminal case, upon a complaint stating the facts on information and belief, where the attendance of the person from whom the information was derived can be compelled.

Where a justice issues a warrant of arrest on a criminal charge, without sufficient evidence of the commission of the offense by the accused, the justice and the complainant are jointly liable, in an action for false imprisonment.

THIS action was brought to recover damages for an alleged false imprisonment. In October, 1859, Soules, one of the defendants, being then a justice of the peace, issued a criminal warrant for the arrest of the plaintiff, Comfort, upon the application of the other defendant, Fulton. On this application Fulton presented a written complaint, in which he alleged that a quantity of potatoes, worth three dollars, had been stolen from him, and that he had reason to suspect Comfort of having stolen them. Being orally examined, by the justice, he stated that the reason for his suspicion was, that his own son informed him that he had seen Comfort digging potatoes out of Fulton's ground, and carrying them off. On this evidence a warrant was issued against Comfort, who was tried before the justice and a jury, and finally acquitted. He then brought this action against the justice and Fulton, for false imprisonment, and recovered a verdict for $50 damages. The defendants appealed from the judgment.

*A. C. Niven,* for the appellants.

*Bush & Wells,* for the respondent.

GOULD, J. There are two palpable defects in the original proceedings before the justice of the peace, either one of which renders his whole proceedings, in issuing the warrant, so ab-

solutely without jurisdiction and void, that both defendants must be liable in this action.

1. Taking the affidavit of Fulton, as coupled with his oral examination, and the complaint really made before Soules, amounts to this: That Comfort had in one continued act dug and carried away Fulton's potatoes of some indefinite value, guessed at $3. Such an act, at common law, is no criminal offense. Severing and taking away a growing crop, (by one act,) is but a trespass. By our statute (see and compare 3 *R. S. 5th ed.* 959, § 70 ; 971, § 1 ; and 973, § 15, div. 4,) such an act, if the property so severed and taken was of more than $25 value, would be grand larceny ; but if the property were of the value of $25 or less, the act is no criminal offense, unless charged to have been done maliciously; and if so charged, it is a misdemeanor, as a " malicious trespass ;" but it is not stealing. In the papers before us the charge is of stealing potatoes, of the value of $3 ; and the warrant is for stealing—an offense which Fulton's oral examination actually and completely disproved.

2. The oral testimony taken by the justice, shows that Fulton, personally, knew nothing on the subject of the charge ; and further, that his son, competent, accessible, and the only witness who could sustain the charge, did personally know all the facts, whatever they were. And while it is barely possible that so meagre a complaint as the written one in this case might sustain a warrant, if it were all the proof that could be produced before the justice, until an arrest should enable the complainant to enforce the attendance of witnesses ; still a case where the justice had before him so little, with certain information that full knowledge was within his reach, is not one to be favored by any court which regards exemption from groundless arrest as one of the rights of the citizen.

As to the liability of both defendants: there can be no doubt of that of the justice; and the complainant was too conspicuous an actor in the whole proceeding to be sheltered behind the legal cover of the warrant. Indeed the jury might

fairly infer, from the evidence, that the complainant's motives in asking for the warrant were malicious ; and that the justice understood the position of both parties, and was willing to gratify the complainant, both believing that they were responsible under the cover of the law.    Both should be held responsible for an arrest so utterly without legal justification.

The charge of the judge, at the circuit, was in precise accordance with the views expressed above, and was not erroneous.    The judgment must be affirmed, (and order refusing new trial, also.   Quære ? as that is not appealed from.)

PECKHAM, J.   The constitution of the United States provides that "no warrant shall issue but upon probable cause, supported by oath or affirmation, and particulaly describing the place to be searched, and the persons or things to be seized."   (*Art.* 4.)   I do not know why this is not the law of the land in state as well as in United States tribunals.   It is in terms re-enacted in our bill of rights.   (1 *R. S.* 93.)

In this case information from his son, by the complainant, was no proof whatever.   It cannot be by possibility " probable cause supported by oath."   It is no " oath or affirmation," within the meaning of the law.   Had any fact been stated, so as to enable the magistrate to exercise his judgment as to the probable cause, he could not be made liable for an error in its exercise.   Here was nothing more (nor so much in fact) than if the son had come into court and stated, without oath, that he saw this plaintiff commit the offense.   That would not be claimed to be sufficient.

HOGEBOOM, J. concurred.

Judgment affirmed.

[ALBANY GENERAL TERM, March 4, 1861.   *Gould, Hogeboom* and *Peckham,* Justices.]