Pratt *v.* Bogardus.

---◆---

## PRATT *vs.* BOGARDUS and VAN NATTA.

Where proceedings before an inferior tribunal are attacked collaterally, great latitude of construction is to be indulged, in support of jurisdiction.

It is never necessary to state, in a criminal warrant, the evidence by which the charge is to be supported. All that is required, in that particular, is to "recite the accusation."

This requirement is satisfied by a statement which indicates with reasonable certainty the crime sought to be charged.

Where a warrant, issued by a justice of the peace, after stating time and place, alleged that the defendant " designedly by false pretenses, did obtain from" the complainant " one sulky of the value of $30, the property of  *  *  * with intent to cheat and defraud" the complainant; *Held* that this was a valid warrant upon a complaint for obtaining property by false pretenses, although the pretenses used were not set out therein.

Where, in issuing a criminal warrant, a justice of the peace possesses, and is exercising a general jurisdiction of the subject matter, and not a special jurisdiction over a particular offense, created by statute, and thereby restricted *as to the manner of proceeding, all that is. required, to protect* him in so doing, is that the evidence produced is colorable—something upon which the judicial mind is called upon to act, in determining the question of probable cause.

Where the affidavit, upon which application for a warrant was made, stated, in substance, that the defendant did designedly and by false pretense obtain from the complainant one sulky, of the value of $30, by falsely stating and representing to him that his own sulky was hard to ride in, and that he desired the complainant's sulky to go to Albany, and would return it the next week, but that on the contrary he shipped it from Albany to Fort

Pratt *v.* Bogardus.

Plain, with intent to cheat and defraud the complainant; *Held* that this was colorable evidence, sufficient to call upon the justice to exercise his judgment, in determining the propriety of issuing process; and that having acted in good faith, he should be protected.

THIS is an appeal from a judgment entered in favor of the plaintiff, against the defendants, for $311.12, damages and costs, upon a trial at the Albany circuit in February, 1866.

*O. M. Hungerford* and *A. J. Parker,* for the appellant.

*N. C. Moak,* for the respondent.

*By the Court,* INGALLS, J. This cause was tried at the Albany circuit, as an action for false imprisonment, and the defendants attempted to justify the arrest and imprisonment under and by virtue of a warrant issued by the defendant Bogardus, who was a justice of the peace of Albany county, upon the application of the defendant Van Natta. The vital question in this case is, whether the application and warrant were sufficient to confer jurisdiction upon the justice ? If they were, both defendants are protected ; and if not, both are liable. The court charged the jury, in substance, that the warrant was defective upon its face, for not charging a criminal offense, and that the justice who issued the warrant, and the defendant Van Natta who procured it, and directed the deputy sheriff to serve it, were liable in this action, for false imprisonment. The defendants' counsel excepted to the charge. The complaint and warrant were as follows :

"ALBANY COUNTY, ss : Stephen D. Van Natta, of the town of Knox, in the said county, being duly sworn and examined, makes complaint and says, that on or about the first day of June, 1864, at the town of Knox, aforesaid, Ferrand T. Pratt, did designedly and by false pretense, obtain from him one sulky, of the value of $30, by falsely stating and

representing to him that his sulky was hard to ride in, and that he was going to Albany city, and that he would leave his sulky with him, the said Stephen D. Van Natta, and would return it the next week, whereas, in fact, he did not so return it, but took it to Albany and had the same shipped to Fort Plain, with intent to cheat and defraud the said Stephen D. Van Natta.

STEPHEN  D. VAN NATTA.

Sworn and subscribed before me,
    this 16th day of July, 1864.
        E. N. BOGARDUS, Justice of the Peace."

"ALBANY COUNTY, ss :
To any constable of the said county, greeting :

Whereas, Stephen D. Van Natta hath this day made complaint on oath before me, Ephraim N. Bogardus, a justice of the peace of the said county, that on or about the first day of June, 1864, at the town of Knox in the said county, Ferrand T. Pratt designedly, *and by false pretenses did obtain from him one sulky of the value of thirty dollars, the property of Hiram P. Gage, with intent to cheat and defraud him,* the said Stephen D. Van Natta.

You are thereby commanded, in the name of the people of the state of New York, forthwith to apprehend the said Pratt and bring him before me, at my office in Knox aforesaid, to be dealt with according to law.

Given under my hand, at Knox, this 16th day of July, 1864.
E. N. BOGARDUS,<br>Justice of the Peace."

In determining the sufficiency of these proceedings, we must bear in mind that the same are attacked collaterally, and hence great latitude of construction is to be indulged in support of jurisdiction. The following authorities show to what extent this doctrine has been carried : *Hannon* v. *Butterson,* (1 *Denio,* 537 ;) *Easton* v. *Calendar,* (11 *Wend.* 91 ;) *Matter of Faulkner,* (4 *Hill,* 598 ;) *Tallman* v. *Bigelow,* (10 *Wend.* 420.)

It is never necessary to state, in a criminal warrant, the evidence by which the charge is to be supported. All that is required in that particular is to "*recite the accusation.*" (2 *R. S.* 730, § 3, *Edm. ed.*) Such requirement is satisfied by a statement which indicates, with reasonable certainty, the crime sought to be charged. In *Barbour's Criminal Law,* at page 525, the author remarks : " In all warrants, therefore, issued for the apprehension of persons under that provision, it is undoubtedly the only safe course ; and in the absence of authority, we venture the opinion that it is indispensable to the validity of a warrant that it should contain a recital of the accusation, or *something equivalent to it.* Not that the evidence given on the examination need be stated at length, but enough should appear on the face of it *to inform the accused of the specific offense with which he stands charged,* and the place where it was committed, so that he may know what preparation to make in order to meet it." Same, (*p.* 526 :) " But a warrant need not contain the facts on which the charge made is predicated. *It is sufficient in this respect if the nature of the offense is clearly specified.*" (*See also The People* v. *McLeod,* 1 *Hill,* 378.) Previous to the Revised Statutes, it was not necessary to incorporate the offense charged. (*Atchinson* v. *Spencer,* 9 *Wend.* 62.) The warrant, after stating time and place, proceeds : " That Ferrand T. Pratt designedly and by false pretenses did obtain from him, complainant, one sulky of the value of $30, the property of Hiram P. Gage, with intent to cheat and defraud him, the said Stephen D. Van Natta." Could any person have the slightest doubt in regard to the offense charged ? The Revised Statutes, (*vol.* 2, *p.* 697, § 53, *Edm. ed.*) provide : " Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other *false pretense,*" &c. The warrant in question uses the very words of the statute, "*by false pretenses.*" It is true those pretenses are not set out at large in the warrant ; nor need they be,

as that would be, in effect, not a specification of the accusation, but a statement of the evidence by which the accusation was to be sustained. The court is not to presume, in order to defeat the jurisdiction, that the actual pretenses were of a nature at variance with the charge contained in the warrant. In *Foster* v. *Hazen*, (12 *Barb.* 550,) WELLES, J. says: "No presumption will be indulged in order to oust the justice of jurisdiction, *where enough is shown to bring the case within the general language of the act which confers the jurisdiction.*" The warrant was definite as to time and place, and stated an offense, showing that the accused was not entitled to a trial by special sessions, but was entitled to be discharged from arrest by giving bail. In *Blythe* v. *Tompkins*, (2 *Abb.* 468,) which is much relied upon by the counsel for the respondent, the arrest was under a special statute, and there was an omission to state the place where the liquor was sold; and as the offense was triable by special sessions, that statement became indispensable in order to determine the place of trial.

Again, the statute under which those proceedings were entertained, made the offense triable before the magistrate as a court of special sessions. The Revised Statutes, in prescribing the course of proceeding before special sessions, requires that the charge made against the defendant *as stated in the warrant of arrest or commitment,* shall be distinctly read to such defendant, who shall be *required to plead thereto.* It will be perceived that in that class of offenses, viz. those which are triable by special sessions, the warrant serves a two-fold purpose — to cause the arrest, and furnish the pleading. An examination of the case last referred to, will show that the decision was mainly placed upon the ground that the proceedings were under a special statute, and is clearly distinguishable from the case at bar. The case of *Comfort* v. *Fulton*, (39 *Barb.* 56,) is also cited. In that case the facts were stated in full, and the court held that the facts showed affirmatively that no criminal offense was

charged, and therefore that there was not probable cause shown. We are clearly of opinion that the warrant stated with sufficient particularity the offense, and that the accused could not have entertained a doubt in respect to the character of the charge made against him.

It remains to be considered, whether the application for the warrant was sufficient to confer jurisdiction upon the justice to issue the same. We have already seen, from the authorities, that the proceeding is to be regarded with favor, and every reasonable intendment is to be entertained in support of jurisdiction, when attacked, as in this case, collaterally. In issuing the warrant in this case, the justice possessed and was exercising a general jurisdiction of the subject matter, and not a special jurisdiction over a particular offense created by the statute, and thereby restricted as to the manner of proceeding. (*Von Latham* v. *Libby*, 38 *Barb.* 339.) All that was required to protect the justice in issuing the warrant, was that the evidence produced was colorable — something upon which the judicial mind was called upon to act in determining the question of probable cause. The following authorities support this proposition: In *Vosburgh* v. *Welch*, (11 *John.* 175,) Thompson, J. says : " A mere error in judgment as to the legality of the proof offered would not make the justice a trespasser by issuing the attachment. But such proof, in order to give jurisdiction to the justice, ought at least to be colorable." In *Tallman* v. *Bigelow*, (10 *Wend.* 420,) Judge Nelson remarks : "There probably was sufficient to protect the justice and all others acting under the judgment, until its reversal." In *Van Alstyne* v. *Erwine*, (11 *N. Y. Rep.* 341,) Judge Denio says : "*A liberal indulgence* must be extended to these proceedings, even upon a question of jurisdiction, if we would not *render them a snare rather than a beneficial remedy.*" In *Miller* v. *Brinkerhoff*, (4 *Denio,* 120,) Judge Bronson remarks : "But when the proof has a legal tendency to make out a proper case in all its parts for issuing the process,

*then, although the proof may be slight and inconclusive,* the process will be valid, until it is set aside by a direct proceeding for that purpose." (*See also Skinnion* v. *Kelley*, 18 *N. Y. Rep.* 355 ; *Cowen's Treatise*, 2d. ed. vol. 1, *p.* 480 ; *Matter of Faulkner*, 4 *Hill*, 598.)

Was, then, the application in question sufficient to confer jurisdiction ? The affidavit states, *in substance,* that said Pratt did designedly and by false pretense obtain from him (Van Natta) one sulky of the value of $30, by falsely stating and representing to him that his sulky was hard to ride in, and that he desired his, (Van Natta's) sulky to go Albany, and would return it the next week. But, on the contrary, shipped it from Albany to Fort Plain, with intent to cheat and defraud said Van Natta. The false pretense consisted in his pretending that he desired the sulky in question to ride to Albany, and would return it, when by shipping it directly from Albany west to Fort Plain, a very different design was indicated, and from which might be inferred a fraudulent or even felonious intent to convert the property to his own use. (*The People* v. *Call*, 1 *Denio*, 120.) If Pratt had merely taken the sulky to Albany and there left it without disposing of it, it might be regarded merely as the violation of a promise, within the case of *Ranney* v. *The People*, (22 *N. Y. Rep.* 413.) The manner in which the accused disposed of the property indicated any thing but an honest intent ; and the pretense that he merely desired the use of the sulky for his comfort and convenience in riding to Albany, was false, and therein consisted the false pretense under which the property was obtained. The evidence upon which the warrant was issued was colorable, and sufficient to call upon the justice to exercise his judgment in determining the propriety of issuing process, and having acted in good faith, he should be protected. Justices of the peace are not generally lawyers, and are often required to issue process without much time for examination or reflection ; and when there is no evidence of fraud or oppression, they should receive all the

protection which the courts charged with reviewing their proceedings can extend to them, consistently with a proper regard for the rights of parties against whom process is issued. We are of opinion that the proceedings were substantially regular, and furnished protection to the defendants. The charge of the learned justice was therefore erroneous upon a material question, and a new trial must be granted, with costs to abide the event.

[ALBANY GENERAL TERM, May 6, 1867. *Peckham, Ingalls* and *Hogeboom,* Justices.]