FREDERICK BLODGETT, APPELLANT, v. JAMES A. RACE, RESPONDENT.

*Complaint — when insufficient to authorize the issue of a warrant of arrest by a justice of the peace.*

A written complaint made before a magistrate alleged that certain goods had been stolen, and that the complainant " has probable cause to suspect, and does suspect, that Frederick Blodgett" stole them.

*Held,* that it was insufficient to justify the magistrate in issuing a warrant for the arrest of the accused.

APPEAL from an order of the County Court of Greene county, denying a motion of the plaintiff for a new trial, made upon a case and exceptions.

On the 7th day of September, 1874, Luther Bailey presented his written complaint on oath to the defendant, wherein he alleged that certain goods of the value of more than twenty-five dollars were, on or about the 14th day of April, 1874, at the town of Jewett, Greene county, N. Y., stolen from Division No. 209, of the Sons of Temperance, " and that the said Luther Bailey has probable cause to suspect and does suspect that Frederick Blodgett, of the town of Jewett, county of Greene aforesaid, did felonously steal, take and carry away the said goods, chattels and property, in manner and form, and at the time and place aforesaid." On the same day, at the request of said Bailey, the defendant issued his warrant for the arrest of said Blodgett, the plaintiff herein, upon the charge so made in the aforesaid complaint, without any further evidence. The defendant assumed to act in the premises as a justice of the peace. The warrant was delivered to a constable on the day of its issue, who on the same day arrested the plaintiff thereon and brought him before the defendant.

This action was subsequently commenced to recover damages for false imprisonment. The plaintiff was nonsuited on the trial.

*Peck & Cornell,* for the appellant.

*A. C. Cowles,* for the respondent.

BOCKES, J. :

A complaint in writing, charging a criminal offence, although on information and belief only as to the person suspected of having committed it, is sufficient to authorize an investigation before a magistrate by the examination of witnesses. The magistrate on such complaint may issue subpœnas for witnesses, and has jurisdiction of the subject-matter of the offence charged to have been committed, and may compel the attendance of witnesses by attachment in case of disobedience of the subpœna. (*The People* v. *Hicks*, 15 Barb., 153.) But before a warrant can lawfully issue for the arrest of the offender the magistrate must have some evidence of his guilt. Facts and circumstances, stated on information and belief only, without giving any sufficient grounds on which to base the belief, are insufficient to confer jurisdiction as to the person. The magistrate must have evidence of probable cause, both as to the commission of the offence and the guilt of the offender, before he can have jurisdiction to cause the arrest. (*Comfort* v. *Fulton*, 39 Barb., 56; *Vredenburgh* v. *Hendricks*, 17 id., 179; *Wilson* v. *Robinson*, 6 How., 110; *Pratt* v. *Bogardus*, 49 Barb., 89; *The People* v. *Hicks*, 15 id., 153; *Wells* v. *Sisson*, 14 Hun, 267; *Carl* v. *Ayers*, 53 N. Y., 14.) It is laid down in Waterman's Notes to Archbold's Criminal Practice and Pleadings (vol. 1, 120, marginal page 31) that a warrant cannot be issued against one, if his guilt appears only from hearsay and mere rumor, but that a case of probable guilt, on the part of the accused, must be made out. If facts and circumstances be stated, sufficient to call for judicial determination, the magistrate will be protected in his action, and this, although he might err in judgment. In such case he is to be fully protected, and the error can only be made available on writ of error or appeal in the action, or proceeding in which the error occurred. As to the case in hand, it seems that the warrant was issued on less proof, even than information or belief, as regards the plaintiff. It was issued on an allegation, only of " suspicion and belief " as to the plaintiff's guilt. No fact or circumstance, whatever, was stated to support the suspicion, even much less to support a conclusion of probable cause against him. The warrant was without jurisdiction, hence afforded the defendant no protection against the charge of an illegal arrest. It is

not necessary here to hold that the defendant had no ground for committing the plaintiff after the open public examination was had. It is quite possible, and I think it must be assumed, that there was sufficient evidence given before him to uphold his conclusion to commit. But we do not pass upon that question here. The original arrest, directed by the defendant, was unauthorized, and the nonsuit herein was therefore improperly granted. This conclusion renders it unnecessary to examine other questions raised in the case. Perhaps it should be further remarked that the case, as presented on this appeal, does not appear to be one of serious enormity. The good faith of the defendant, in issuing the warrant, is not denied. The plaintiff was in no way seriously oppressed ; on the contrary, was allowed great liberty after his arrest, and during the examination, and finally submitted to be committed, rather than give bail, which it seems was easily to be obtained. Whether or not the plaintiff may recover more than nominal damages is for a jury to determine. The order appealed from denying a new trial must be reversed.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order reversed ; new trial granted ; costs to abide event.