Lawrence, J.
I am of the opinion that the prisoner is entitled to his discharge. The complainant simply swears that the “material facts, as sworn to by said Rothaker in said affidavit, and on which the order of arrest was granted, are false and not true (except as to the marriage therein stated), and that said facts were known to said Rothaker, at the time he swore to them, to be false and not true, thereby committing willful and corrupt perjury, &c.” The Code of Criminal Procedure, section 149, provides that the depositions taken before a magistrate when an informa *123 tion is laid before him of the commission of a crime, must set forth the facts stated by the prosecutor and his witnesses tending to establish the commission of the crime and the guilt of the defendant. In other words, facts, and not the conclusions of the prosecutor and his witnesses, must be stated. In this case, no fact whatever is stated by the prosecutor or his witnesses upon which a charge of perj ury can be based. What the material facts are which the complainant alleges the defendant falsely stated to be true, cannot be determined from the affidavit. The opinion of the complainant as to what facts are material, is substituted for the opinion and judgment of the court (see People ex rel. Kingsley v. Pratt, 22 Hun, 300 ; Blodgett v. Race, 18 Id. 132; Comfort v. Fulton, 13 Abb. Pr. 276; S. C., 39 Barb. 56, and other cases cited in Blodgett v. Race).
Prisoner discharged.