DANIEL C. HEWITT, APPELLANT, *v.* MOSES NEWBURGER, RESPONDENT.

*False imprisonment — sufficiency of an information in a criminal case not alleging the act to be "willful" — when attacked collaterally — malice.*

In an action brought by Daniel C. Hewitt to recover damages from Moses Newburger for an alleged false imprisonment, it appeared that Hewitt was arrested in the city of Amsterdam upon an information made by Newburger, charging him with the crime of injuring property, in that he threatened to tear down a wall which was being built by a corporation for use as a dam. The information did not charge that the act was "willful," and principally upon this ground the plaintiff claimed, upon the trial of this action, that no crime was charged. The court held that the information was sufficient, but dismissed the complaint.

Upon an appeal by the plaintiff from the judgment dismissing the complaint:

*Held,* that as an information is a proceeding before an inferior court it should be liberally construed, and that the information in this case which, in simple and direct terms, stated the acts complained of without stating the evidence was sufficient.

That where process is attacked collaterally, it is not to be subjected to as careful criticism as if the attack were direct.

That evidence offered to prove malice was properly rejected in an action to recover the damages resulting from an alleged false imprisonment.

APPEAL by the plaintiff Daniel C. Hewitt from a judgment of the Supreme Court, entered in the office of the clerk of the county of Montgomery on the 28th day of May, 1892, dismissing the complaint after a trial at the Montgomery Circurt before the court and a jury.

The action was brought by Daniel C. Hewitt to recover damages from Moses Newberger for an alleged false imprisonment. On the trial it appeared that Hewitt was arrested in the city of Amsterdam upon an information made by Newberger charging him with the crime of injuring property in that he threatened to tear down a wall which was being built by a corporation for use as a dam.

The information in question was as follows:

STATE OF NEW YORK,                              } *ss. :*
COUNTY OF MONTGOMERY, CITY OF AMSTERDAM, }

Moses Newburger, of said county, being duly sworn, says that on the 27th day of June, 1891, at the city of Amsterdam, in the said county, one Daniel Hewitt did threaten to commit the crime of

injuring the property belonging to the City Mills, a corporation in said city of Amsterdam, in that he threatend to tear down a wall now being erected by said corporation and being the property thereof, and the same is being built for the purpose of a dam, and there is just reason to fear that the said Daniel C. Hewitt will tear down and demolish said wall, as he the said Daniel C. Hewitt hath, as above, threatened to do.

Wherefore, this deponent prays that a warrant issue for the arrest of said accused, and that he be dealt with pursuant to the provisions of the Code of Criminal Procedure.

MOSES NEWBURGER,<br>*Complainant.*

Sworn to before me this 27th
    day of June, 1891.

GEORGE B. WHITE,<br>*Recorder of the City of Amsterdam, N. Y.*

When the proofs were closed defendant's counsel moved to dismiss the complaint on the ground that the recorder had jurisdiction of the alleged offense, and, as such, had determined that the complaint was sufficient; that Hewitt had threatened to commit a crime, and, as the recorder had jurisdiction to so determine, the defendant was not in this action liable for a false arrest, and upon the facts and the law was not liable for false imprisonment.

The omission of the word "willful" in the information appeared to furnish the principal ground for the action to the plaintiff, whose counsel cited, in support of his position, sections 639, subdivision 2, and section 654, of the Penal Code, and as also applicable to the offense section 639 and sections 84–89 of the Code of Criminal Procedure.

*Edward P. White*, for the appellant.

*Westbrook, Borst & Perkins*, for the respondent.

HERRICK, J.:

The Code of Criminal Procedure, like the original Code of Civil Procedure, was intended to simplify pleadings, and informations like complaints are sufficient, if, in plain terms, they specify the

charge made, so stated that the person proceeded against knows exactly what is charged against him. Proceedings before inferior courts are, so far as the mere forms of procedure therein are concerned, to be liberally construed.

Informations lodged before committing magistrates, and warrants issued upon them, are not expected to be drawn with the same technical accuracy that an indictment should be.

"The information is the allegation made to a magistrate that a person has been guilty of some designated crime." (Code of Crim. Pro., § 145.)

So far as I know, no construction of this section has been given by the courts; it certainly cannot be expected that persons, before they can safely go to a magistrate for relief, must employ someone learned in all the niceties of pleading, and acquainted with the definitions of crimes, nor that they shall possess such knowledge themselves. Courts of minor criminal jurisdiction are courts where people are expected and invited to initiate prosecutions without counsel, and it is the policy of the law to encourage them in so doing; and the proceedings there should be so regulated that the unlettered and unlearned may enter freely, without fear that their ignorance of the forms of law and its terms may lead them into greater dangers or difficulties than those from which they seek protection or redress.

A plain statement of the acts of which they complain, without stating the evidence, it seems to me is sufficient. The magistrate then becomes the responsible party, he is to determine from that statement, or information, whether a warrant should issue, and he, not the person lodging the information, is responsible for its form. The person lodging the information being liable in an action for malicious prosecution if he willfully, corruptly or maliciously misleads the magistrate by any false statement in his information.

In this particular case the magistrate personally drew up the information, after an oral examination, or statement, made to him by the defendant. It states, in simple and direct terms, what the defendant complained of, so that both the magistrate and the defendant could understand the charge made, and tested by the principles I have suggested, it seems to me sufficient. (*Von Latham* v. *Libby*, 38 Barb., 339; *Pratt* v. *Bogardus*, 49 id., 89.)

The warrant follows the information and fully apprises the defendant of the charge against him, and while, perhaps, it might be open to objection where a direct attack was made, as upon an application to discharge the person arrested upon it, yet, when it is attacked collaterally, and bearing in mind that the same technical accuracy is not to be insisted upon in process issuing from minor courts as in indictments, I think it should be held sufficient.

The evidence offered to prove malice was properly rejected; malice is not an element of false imprisonment. (American and English Encyclopædia of Law, vol. 7, p. 664.)

The judgment should be affirmed.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed.