JAMES H. SWART, Appellant, *v.* CHARLES RICKARD, Respondent.

*Warrant for arrest for burglary — insufficiency of the affidavit — action for false imprisonment — direct proceeding to set aside the warrant.*

James H. Swart was arrested and imprisoned on a warrant issued by a justice of the peace. The affidavit on which the warrant was issued stated that the store of one Rickard, the deponent, was, on a certain date, entered and goods taken therefrom, that deponent believed and had reason to believe that such store was broken into and burglarized by James H. Swart and others, from the fact that such parties were, about that time, *i. e.,* after one o'clock that night, prowling around and near the premises.

In an action brought by Swart to recover damages for false imprisonment and malicious prosecution,

*Held,* that the affidavit was insufficient to justify the issuing of the warrant;

That it sufficiently showed the commission of a crime, but it failed to allege any fact showing the guilt of the plaintiff.

In an action brought for false imprisonment and malicious prosecution, the sole evidence as to the plaintiff's guilt of the crime of burglary, for which he had been imprisoned, was such affidavit.

*Held,* that it was error for the trial judge to hold that the plaintiff was not
entitled to recover for the alleged false imprisonment, and to withdraw the
issue raised by the pleadings as to that cause of action from the jury.

When there is proof, although slight and insufficient, legally tending to establish
the essential facts of the commission of a crime by a person, and a magistrate
erroneously issues a warrant, such process can only be avoided by a direct pro-
ceeding to set it aside.

(HERRICK, J., dissenting.)

APPEAL by the plaintiff, James H. Swart, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of Montgomery on the 27th day of January,
1893, upon the verdict of a jury rendered after a trial at the Mont-
gomery Circuit, and also from an order denying a motion for a new
trial made upon the minutes.

*L. F. Fish* and *R. B. Fish,* for the appellant.

*Z. S. Westbrook,* for the respondent.

PUTNAM, J.:

The complaint contains a count for false imprisonment and also
one for malicious prosecution. On the trial the judge submitted to
the jury the issue raised by the pleadings as to malicious prosecution,
but held that the plaintiff was not entitled to recover for the alleged
false imprisonment, and withdrew the issues raised by the pleadings
in that regard from the jury. The plaintiff excepted to this ruling
of the trial judge, and that exception raises the only question in this
case.

On the complaint of the defendant, plaintiff was arrested and
imprisoned on a warrant issued by one Rulison, a justice of the
peace of Fultonville, Montgomery county. The following is the
affidavit on which the warrant was issued:

" MONTGOMERY COUNTY, *ss. :*

" Charles Rickard of said county, being duly sworn, says that on
the night of October 24, 1891, at the village of Fultonville, town of
Glen, said county, his store was burglarized by breaking the large
glass in the front door, and entered and goods taken therefrom, to
wit: Two or more revolvers and a quantity of cigars, and deponent
believes and has reason to believe that store was broken into and
burglarized by James H. Swart and Wallace Van Evera and another,

from the fact that said parties were about that time (*i. e.*), after one o'clock that night, prowling around and near the premises.

"Wherefore, deponent prays that process issue to arrest the said offenders.

"CHARLES RICKARD.

"Sworn before me this }
21st day of Nov., 1891. }
"H. H. RULISON, *J. P.*"

It is urged by the appellant that this affidavit was insufficient to give the justice jurisdiction of the person of the plaintiff, and that hence defendant, who caused his arrest under the warrant, was liable in an action for false imprisonment.

We think the affidavit was insufficient to justify the issuing of the warrant. It sufficiently shows the commission of a crime, but fails to allege any fact showing the guilt of the plaintiff and Van Evera. The allegation that defendant believed, and had reason to believe, that his store was burglarized by said parties does not establish or tend to establish the charge. The reason stated by defendant for his belief, that said parties were about the time prowling around and near said premises, is not a statement of any fact indicating their guilt. At the most the affidavit shows on the part of defendant a suspicion, and perhaps grounds for such suspicion, of the plaintiff. The case is not unlike that of *Blodgett* v. *Race* (18 Hun, 132). In that case Justice BOCKES says (page 133) : "But before a warrant can lawfully issue for the arrest of the offender the magistrate must have some evidence of his guilt. Facts and circumstances, stated on information and belief only, without giving any sufficient grounds on which to base the belief, are insufficient to confer jurisdiction as to the person. The magistrate must have evidence of probable cause, both as to the commission of the offense and the guilt of the offender, before he can have jurisdiction to cause the arrest."

To the same effect are *People ex rel. Kingsley* v. *Pratt* (22 Hun, 300–303) ; *Loomis* v. *Render* (41 id. 268) ; *Devoe* v. *Davis* (12 Wkly. Dig. 544) ; *Comfort* v. *Fulton* (39 Barb. 56) ; *Miller* v. *Brinkerhoff* (4 Den. 118) ; *Vredenburgh* v. *Hendricks* (17 Barb. 179).

In each of the above cases, as in the case under consideration, no facts are stated in the affidavit on which a warrant was issued show-

ing the guilt of the party accused, and hence the magistrate did not acquire jurisdiction of his person.

It must be remembered that when there is proof, though slight and insufficient, legally tending to establish all the essential facts, and the magistrate erroneously issues a warrant, such process can only be avoided by a direct proceeding to set it aside. (*Miller* v. *Brinkerhoff, supra.*) The cases cited and relied upon by defendant were those where there was some evidence given before the committing magistrate tending to support the charges made, and the magistrate erred in issuing a warrant on the fact or on the law. They were not cases like this where, in fact, there was no evidence given to sustain the warrant. (See *Hewitt* v. *Newburger*, 66 Hun, 230; *Pratt* v. *Bogardus*, 49 Barb. 89; *Lewis* v. *Rose*, 6 Lans. 206, and other cases referred to by respondent.)

The case of *Von Latham* v. *Libby and Another* (38 Barb. 339) was where the defendants appeared before a magistrate and made a complaint, stating the facts truly, which the magistrate erroneously held to constitute a crime and issued a warrant. Facts were stated in the case for the consideration of the magistrate and he erred in holding that they constituted a crime. (See *Miller* v. *Adams*, 52 N. Y. 413.)

We conclude that the plaintiff was entitled to go to the jury on the issues raised in the pleadings as to the false imprisonment, and hence that the exception of plaintiff was well taken. It follows that the judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., concurred; HERRICK, J., dissented.

Judgment reversed, new trial granted, costs to abide event. The decision is made on questions of law only which appear and are specified in opinion.