**HARTFORD COUNTY, SEPTEMBER TERM, A. D. 1774.**

### KNOT v. GAY ET AL.

An arrest may be made without warrant to prevent a breach of the peace or to prevent an escape, etc.

ACTION of trespass, for assault and battery, and for breaking open his shop. The defendants plead severally, not guilty. Issue to the jury — who find the following facts in a special verdict, viz.

That on the evening next after the     day of     it being Saturday night, one Rose and Charles Knot came to the plaintiff's shop, and proposed to swap shoe buckles, and sent and got a pint of rum; Charles scrupled whether Rose's buckles were silver and refused to swap, upon which Rose told him he must pay his bottle; Charles said he should not, upon which Rose stripped and begun to threaten; Charles turned to go out of the shop; the plaintiff then stepped up and shut the door, Rose then struck said Charles on the head, which knocked him down and he lay some time for dead; after a while he recovered and got up; some people came in and Charles went out of the shop; the plaintiff then shut the door and locked it, with Rose in it; the defendants said Gay, being a justice of the peace, and the other a constable, hearing of the affray came up, found the shop locked up with

Chapman et al. v. Thomas.

Rose in it; Justice Gay demanded of the plaintiff to open his shop and he refused, and struck at the justice when he attempted to get in, upon which said Gay gave parol orders to the constable to break open the plaintiff's shop and to take said Rose, if Rose could not be taken without. And thereupon in obedience to said orders, the constable broke open said shop and took said Rose, and also the plaintiff and set them at liberty upon their promise to appear on the next Monday morning.

The question of law referred to the court upon this verdict, was — Whether, upon the facts aforesaid, the justice had right by law, to give parol orders to the constable to break said shop and to take said Rose; for if he had, then both the constable and the justice must be found not guilty.

The principles of the law with respect to the cases in which an arrest, by a parol warrant or authority may be made, were not much disputed; that it might be done to prevent a breach of the peace, which was about to take place; also where an high-handed offense had been committed, and an immediate arrest became necessary, to prevent an escape, and that in these cases an arrest would be justified, made by any person with or without warrant. The doubt was — Whether the facts in the case brought it within the law.

The court gave judgment; that the law is so upon the facts found, that the breaking said shop and arresting said Rose and the plaintiff was lawful and right, and that the defendants are not guilty.