### TAYLOR *vs.* STRONG and BLANCHARD.

A constable may *ex officio* and without warrant arrest a breaker of the peace, and bring him before a justice. *It seems,* however, that this should be done within a reasonable time after the affray.

THIS was an action for false imprisonment, tried at the Oneida circuit in October, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

Strong, as a constable, arrested the plaintiff on an execution against him in favor of one Balis. The plaintiff beat Strong with a pole; Strong commanded Blanchard to assist him, who did so; but after a considerable scuffle the plaintiff made his escape, and proceeded to the store of the plaintiff in the execution, which was near by, when he paid the amount of the execution, Strong having followed the plaintiff in this suit to the store. On his way there, however, he called at the office of a justice, entered a complaint on oath against the plaintiff for the assault made on him, and demanded a warrant. After the plaintiff had settled the execution, Strong asked him to drink with him; he said he would not drink with such a set of rascals, left the store and went to a tavern. About 10 or 15 minutes afterwards, Strong again arrested the plaintiff, saying to him that he was not gone yet, that he was his prisoner. The plaintiff again beat Strong, who again commanded Blanchard to assist him. Another scuffle ensued; but the plaintiff was taken to the office of the justice to whom application had been made for the warrant. The justice met the parties at the door of his office, and delivered the warrant to Strong.

Upon this state of facts, the judge intimated that he would charge the jury that Strong, being a constable, had the right to arrest the plaintiff for the affray and assault that had been

committed; that whatever doubt there might be in the case on account of the discontinuance of the affray before the ar- rest, yet he was inclined to the opinion, and should so instruct the jury, that the arrest being made by the constable after having made complaint on oath before the justice, and while the justice was making out the warrant, the constable was justified in making the arrest, and the other defendant was justified in aiding and assisting him. Upon this intimation, the plaintiff submitted to a nonsuit, with leave to apply to set the same aside. A motion was now accordingly made.

*J. A. Spencer*, for plaintiff.

*H. R. Storrs*, for defendants.

*By the Court*, MARCY, J. It is not pretended that the constable Strong, had any precept which authorized him to make the arrest in the street, for which this action is brought; but it is attempted to be justified on the ground that Taylor, in resisting the officer when attempting to arrest him on the execution, beating him, and exciting the affray which took place there, had committed a breach of the peace; and haveing done it in presence of the constable, who is *ex officio* a conservator of the peace, he had a right, and it was his duty, as a constable, to arrest him without a warrant; and if he had that right, Blanchard, the other defendant, was bound to yield his aid when commanded by the constable. If Strong was justified in what he did, Blanchard is so as a matter of course.

Lord *Bacon* says, that "The office of constable was to arrest the parties that had been breaking the peace, or were in a fury ready to break the peace; or was truly informed by others, or by their own confession, that they had freshly broken the peace; which persons he might imprison in the stocks, or in his own house, as his or their quality required, until they had become bounden with sureties to keep the peace." He further observes, that "Constables could not arrest any, nor make any put in bond, upon complaint of threatening only, except they had seen them break the peace, or had come freshly after the peace was broken." (4 Bacon's Works,

84.) Lord Ch. J. *Hale* also says, " A constable may *ex offi-cio* arrest a breaker of the peace in his view, and keep him in his house or in the stocks till he can bring him before a justice of the peace." (1 Hale's P. C. 587.) It is also stated by Hawkins, that a constable has authority not only to arrest those whom he shall see actually engaged in an affray, but also to detain them till they find sureties of the peace. (Hawk. P. C. b. 2, ch. 13, s. 8. Also, b. 1, ch. 63, s. 14, 17.)

It is quite clear, from these authorities, that the power with which the constable is invested is not merely to put an end to the affray, but he is to make the arrest as the means of procuring surety of the offender to keep the peace. To do this, he must be allowed a reasonable time and a fit opportunity. There is room for doubt in this case whether the constable had not delayed too long; but still I cannot say that the charge which the judge proposed to give to the jury was not substantially correct. I am therefore inclined to the opinion that the nonsuit ought not to be set aside.

Motion to set aside nonsuit denied.