the plaintiff's costs since serving the summons, together with said costs of opposing this motion. The judgment, execution and levy to stand as security, &c.

---

# NEW-YORK COMMON PLEAS.

## WILLIS agt. WARREN.

Any person may *without warrant* arrest another who has committed a *felony*, either at the time it is committed or subsequent thereto; and a justice of the peace or constable, may in virtue of his office, and *without warrant*, not only arrest a person for a felony, but also *for any breach of the peace or misdemeanor* less than a felony, committed in his presence.

Where an arrest for gambling is made by a justice of the peace and his attendants, the seizure of the gambling implements may rightfully and legally be retained in the custody of the law until after trial and conviction. And after conviction, not before, such implements may be destroyed, under the act of 1857.

*Special Term, February,* 1859.

MOTION by defendant that the sheriff of the city and county of New-York redeliver to him certain gambling implements, which he claimed to hold as property clerk to the board of police.

This was an action to recover possession of specific personal property, brought by Robert Willis against C. J. Warren, property clerk to the board of police commissioners.

The facts were as follows: Justice CONNOLLY, attended by several persons, entered the premises No. 581 Broadway, and there finding some persons engaged in playing cards, arrested them on the charge of gambling. In the apartment in which they were found at play or upon the premises, there were found certain implements or apparatus for gambling. These were seized and placed in the custody of the defendant, a property clerk.

The plaintiff claimed the apparatus then seized, and insisted that he was entitled to have them returned to him, and

brought this action to enforce the claim. The defendant having delivered the articles to the sheriff, now moved for an order compelling the return of them to him. He contended that they were nuisances at common law, possessing none of the attributes of property, and that no action could be brought for their recovery. The plaintiff insisted that the seizure was unlawful, because no warrant was exhibited, and that the detention of the property was unlawful, because it was a deprivation of property without due process of law.

BRADY, Justice. 1. The want of a warrant did not aid the plaintiff. There was no proof that the entry of the justice and his attendants was by force. If on entering the premises, the justice was satisfied that the persons therein were engaged in gambling, he would have the right to arrest them without a warrant. (*Holley* agt. *Mix*, 3 *Wend.* 350; *Taylor* agt. *Strong*, 3 *Wend.* 384; 4 *Blackstone Commentaries*, 292; 1 *Chit. Cr. L.* 14 id. 19, 20; *Commonwealth* agt. *Deacon*, 8 *S. R.* 47; *Knot* agt. *Gay*, 1 *Root*, 66; 2 *Hawk. ch.* 12, § 20.) From these authorities the rule is deducible that any person may without warrant arrest another who has committed a felony, either at the time it is committed or subsequent thereto; and that a justice of the peace or constable may, in virtue of his office, and without warrant, not only arrest a person for a felony, but also for any breach of the peace or misdemeanor less than a felony committed in his presence. The arrest in the present case was, therefore, legal.

2. The detention of the property by the defendant was legal. When such an arrest is made, the seizure of the implements is provided for by law for the two-fold object of using them as evidence of the charge, and that they may be destroyed if conviction follows. It is the policy of the law to destroy gambling apparatus, and the loss incurred by the owner is a part of the punishment inflicted for the offence, which is considered by the law as most mischievous in its consequences to society. Although the act of 1857, (chap. 569,) provides for the destruction of gambling apparatus, it cannot

be held to authorize such destruction until after conviction for the offence of gambling, in which such apparatus was employed, but the right to detain it until after the trial of the alleged offence, is one vested in the public authorities, and is not in conflict with any provision of the constitution. Property may be taken as a punishment for an offence, but not until the offence is established by conviction. Where the offence is one which is accomplished by the use of the article forfeited, there seems to be great propriety in holding it in the custody of the law until the charge is disposed of; and such is the power conferred in regard to gambling devices. The owner of the property thus held is not without a remedy. He may apply to the court in which the charge of gambling is pending for the restoration of the property, or he may urge on his trial, and thus acquire it, if the complaint be not established. It is clear, however, that he has no remedy by action against a person holding the property as the custodian of the law, while the charge remains undisposed of. He must await that determination.

---

## SUPREME COURT.

### Benjamin Keller, Administrator of Rachel Keller his mother agt. The New-York Central Railroad Co.

An action for damages "for causing death by wrongful act, neglect or default," (*Laws of* 1847–9,) can be sustained by an individual as administrator of his intestate *mother* who was killed by reason of the negligence of the agents and servants of the defendant, although the deceased was a widow and had no child at the time of her death, under the age of twenty-one years or relative, who was dependent upon her, or who could have any *legal* claim upon her for service or support.

That is, the right to maintain actions under this statute is not restricted to cases where the deceased person leaves a widow or next of kin surviving, who sustains, or may sustain, some *pecuniary* loss by reason of the death of such per-