## SUPREME COURT

DAVID H. CARPENTER, plaintiff agt. ALVIN H. MILLS, NATHAN SWITZER and JAMES POWERS, defendants.

The *members of the metropolitan police* possess, in criminal cases, all the common law and statutory powers of *constables*.

Consequently, they can *arrest without warrant* on the charge of a third person in cases of *felony*. And felony includes *petit larceny*, which was always a felony at common law; and there is no statute which takes from it this common law character.

*Kings General Term, December*, 1864.

*Before* BROWN, LOTT, SCRUGHAM *and* BARNARD, *Justices.*

THIS action was commenced in October, 1863. The complaint in substance charged the defendants with an assault upon the plaintiff, and with having imprisoned him in a certain station house in Brooklyn, without any reasonable or probable cause therefor.

The defendant Mills, is a private citizen. The defendant Switzer, is a patrolman in the police force of the metropolitan police district of the state of New York, doing duty in the 44th precinct of said district. The defendant

Powers, is a police captain, doing duty as such in the said 44th precinct.

The defendants appeared separately, and their answers were in substance a general denial, except that Switzer and Powers set up their official character as members of said police force.

The action was tried before the Hon. JOHN W. BROWN, Justice, and a jury, on the 15th day of April, 1864. The evidence upon the question in point was substantially, that Powers, captain of police, was in his official quarters in the 44th precinct station house, when the defendant Mills, came therein, and as Powers said, complained " that he had tools stolen in Ryerson street, and had seen the tools in Carpenter's box ;" that he (Powers) '' sent Switzer there to find the tools, and if found, to bring him (Carpenter) to the station house. Mills charged Carpenter with stealing tools." * * * The plaintiff was thereafter arrested by Switzer, and taken to the station house of the 44th precinct, where he was locked up until the following day, when he was brought before a magistrate and discharged.

When the plaintiff rested his case, the counsel of Powers and Switzer moved to dismiss the complaint of the plaintiff as against each of them, on the grounds that the evidence on the part of the plaintiff established (and there was no conflict of evidence upon the point) that both Powers and Switzer were members of the metropolitan police, and acted as they did in the arrest as such members, and under the information that the plaintiff had committed a felony, and that they believed the information, and that no malice being alleged nor proven, no excess of authority used in making the arrest, there was thus shown on the part of the plaintiff a reasonable and probable cause for the arrest, entitling said defendants Powers and Switzer, to have the complaint dismissed as against them as matter of legal right. The court denied the motion, and the counsel for Powers and Switzer excepted. Other evidence was offered

by the defendant Mills. The defendants Powers and Switzer declining to offer any, or to sum up the case.

The judge charged the jury, who found a verdict against the defendant Mills for $250, against Powers for $100, and against Switzer for $10. From the judgment the defendants Powers and Switzer, appealed to the general term.

A. OAKEY HALL, *for defendants Powers and Switzer.*

I. The appellate defendants were members of the police, and only as such members made an arrest of the plaintiff for larceny, upon information which they had reason to believe ; and because in law this justified their action, the judge erred in not dismissing the complaint.

1. They had the common law power of constables (*Police Act, Laws of* 1860, *p.* 444, § 28).

2. They therefore were justified in arresting the plaintiff, because he had been directly charged with a felony. (*Holley* agt. *Mix,* 3 *Wend.* 350; *and the elementary law and authorities from Hall to latest reports, as collated in* 1 *Hillard on Torts, p.* 220 *and notes.*)

3. This is a common law rule of justification, and the common law definition of felony is part of the justification.

(*a.*) If this be so, then the questions of value and respecting petit larceny as being a statutory felony, for various *statutory purposes* and for various *statutory consequences,* may be waived for the argument.

(*b.*) Conceding then, for the sake of this branch of the argument, that the complaint made herein excluded both grand larceny and burglary from the notice of the defendants, petit larceny was a felony at common law. (*Ward's case,* 3 *Hill,* 398; *Carpenter* agt. *Nixon,* 5 *Hill,* 261.)

(*c.*) The case of *Carpenter* agt. *Nixon,* and *Shay's case* (22 *N. Y. Rep.* 317), are entirely controlled by the statutory definition of felony relating to a statutory consequence. And they do not conflict with the principle of arrest at

common law for a common law felony. They seem, when examined, to substantially stand as authorities in our favor.

SANDERSON & PLACE, *for plaintiff.*

By the court, SCRUGHAM, J. The principal question presented on this appeal is whether the defendants Switzer and Powers, being members of the police force of the metropolitan police district, were .legally authorized to arrest and detain the plaintiff without warrant, upon a charge of petit larceny being preferred against him by a private citizen. The defendant Powers, being examined as a witness in his own behalf, said, that " a burglary had been committed there, and a complaint made," and when the plaintiff was first brought before the magistrate, after his arrest and before his examination or trial, " something was said about a door being broken open or a hasp drawn." Upon this, the defendants Switzer and Powers, insist that the evidence indicates that they were informed of a burglary. On the other hand, the evidence of Mills, who gave the information, shows that the only charge he made against the plaintiff was of petit larceny, and we must assume that the jury so found.

The members of the police force of the metropolitan police district, possess in criminal cases all the common law and statutory powers of constables. It is well settled that while a constable has power to arrest without warrant, on the charge of a third person in cases of felony, he has no such power in cases of misdemeanor, after the misdemeanor has been committed. (1 *Russell on Crimes*, 598, 600, *and cases there cited ; Taylor* agt. *Strong, &c.* 3 *Wend.* 384.) This is a common law rule, and must be applied in accordance with the definitions of felony and misdemeanor at common law, except where the statute clearly and specifically alters the grade of the offences. The rule was founded upon the difference in the enormity of the offences,

and upon the conviction that greater expedition might be necessary to secure arrests in cases of felony than in cases of misdemeanor. The reason for allowing arrests without warrant, will not apply to an offence reduced by statute from the grade of felony to that of misdemeanor; and the reason failing, the rule falls with it.

Our statutes have not changed the grade of petit larceny, which is a felony at common law. It is true that it is not one of the statute felonies defined in section 30, title 7, chapter 1, part 4, of the Revised Statutes, but there is no enactment which takes from it its common law character. The defendants, therefore, might legally arrest for petit larceny without warrant, upon the oral charge of a third person, provided they had reasonable ground to suspect that the petit larceny had been committed, and that the plaintiff was the guilty person. There was no conflict of evidence as to the fact that Mills made the charge against the plaintiff to the defendants, nor as to any of its important features; and as it afforded to them reasonable ground to suspect that the offence had been committed, and by the plaintiff, the motion for a dismissal of the complaint should have been granted.

The judgment against the defendants Switzer and Powers, should be reversed and a new trial granted, costs to abide the event.