### THOMAS BOYLESTON *v.* LAWRENCE R. KERR.

A police officer or constable cannot arrest a person, without a warrant, for a breach of the peace not committed in his presence.

Words or acts of provocation, to have the effect of a breach of the peace, must tend *immediately* to that effect.   Hence it is not, as matter of law, a breach of the peace for one who, taking a meal at a restaurant, fraudulently substitutes the check given him there for one of less amount, which latter he pays.   And where, under such circumstances, the keeper of the restaurant calls a police officer, and orders the arrest of such a person, *Held*, that he is liable in damages, although the facts will justify nominal damages only.

In an action against the keeper of a saloon, for causing the plaintiff's arrest, on account of his having substituted and paid a check for a smaller amount than the one received for his dinner: *Held*, that the defendant was liable for damages.

*Semble*, that if the magistrate had convicted the plaintiff, under the Laws of 1833, p. 11, § 8, of disorderly conduct, *in his opinion* tending to a breach of the peace, it might have been available as a defense.

A police officer or constable may arrest a person *virtute officii*, without warrant, for a breach of the peace, only when committed in his presence.

Boyleston v. Kerr.

APPEAL by the defendants from a judgment of the Marine Court at general term.

The action was brought for false imprisonment. The plaintiff testified that he went into defendant's saloon, and called for dinner to the amount of fifteen cents, received a check for that amount, and paid it to the bar tender; that after he had reached the street, the defendant came out, and had plaintiff arrested by a policeman, and taken to the Jefferson Market Police Court, and detained there four hours. The plaintiff resting, the judge held that the answer, even if true, did not constitute a defense; but testimony thereunder was given, by consent of plaintiff's counsel, to the effect that the plaintiff had eaten a dinner to the amount of forty cents, and receiving a check for that amount, had substituted the fifteen-cent check therefor, and paid that amount, instead of forty cents. On the close of the testimony, the judge charged the jury as follows:

"That the arrest of plaintiff was unlawful, and that the offense with which he was charged was not such an act that he could be arrested therefor. That the arrest of the plaintiff was the act of the defendant, and that the officer was likewise guilty of false imprisonment. That the only question in the case is what amount of damages the plaintiff ought to recover; and that the conduct of the defendant was without justification; but from the course which has been permitted to be pursued, by the letting in the evidence on the trial as to the question of the fraudulent substitution of the fifteen-cent check for the forty-cent check or *not* by the plaintiff, the jury were permitted to consider the question for the purpose of 'mitigating damages." To which charge the defendant duly excepted. A verdict for the plaintiff in the sum of fifty dollars was rendered, from which the defendant appealed.

*John H. White*, for appellant.

*Henry Morrison*, for respondent.

DALY, F. J.—We cannot say that the justice erred. The act for which the plaintiff was arrested was not a criminal offense. He was supplied with certain articles of food at the defendant's eating saloon, and received a check indicating the

amount to be paid at the bar, which check, it was alleged, he kept, and substituted in its place one which he had in his possession for a much smaller amount, which was taken as the true voucher, and the amount of which only, he paid. However reprehensible or contemptible such an act may have been, it was not one for which he could be punished criminally, and as the plaintiff testified that the defendant directed the police officer to take the plaintiff into custody—a fact which the defendant did not controvert—and as the arrest was made without a warrant, the defendant, as a party assisting in the making of an unlawful arrest, was liable to an action (Dalton, c. 170, §§ 3, 5). There was no breach of the peace to authorize an arrest without warrant. If the magistrate had convicted the plaintiff under the act (3 Laws of 1833, p. 11, § 8), of disorderly conduct, *in his opinion* tending to a breach of the peace, that circumstance might have been available as a defense; but all that appears from the return is, that the magistrate discharged the plaintiff. The return does not state whether he was convicted and required to give security for good behavior before he was discharged, or not, and as matter of law, we cannot hold that the act was one tending to a breach of the peace. Words or acts of provocation, to have that effect, must tend *immediately* to a breach of the peace (4 Inst. 181; *The Queen* v. *Langley*, Salk. 697), and we cannot say that the direct and immediate tendency of the plaintiff's act was to provoke a breach of the peace.

CARDOZO, J., concurred.

BRADY, J.—Upon an examination of authorities bearing upon that subject, I held in *Willis* v. *Warren*, (1 Hilton Rep. 590), the rule to be, that a police officer or constable might arrest a person *virtute officii*, without warrant, for a breach of the peace committed *in his presence*. The arrest of the plaintiff was therefore unlawful; but the defense interposed, if true, was such as would justify the award of nominal damages only. Judge Alker instructed the jury that they might consider the defense proved in mitigation of damages, and the defendant had the benefit of all that could be ruled in his favor.

Judgment affirmed.