CHARLES STERNACK, Plaintiff, *against* JOHN E. BROOKS, Defendant.

(Decided April 2d, 1877.)

In order to justify a policeman in the city of New York in arresting a person without a warrant, or to justify one procuring such arrest, the act for which the arrest is made, whether it be regarded as constituting or tending to a breach of the peace, must be committed in the immediate presence of such officer.

The case of the Master Stevedores Association v. Walsh (2 Daly, 1) as to the extent to which trades associations can legally go in controlling the rate of wages considered, and its authority said not to be affected by the act of 1870 (L. 1870, c. 19) concerning the peaceable assembling of workmen.

MOTION for new trial on case and exceptions ordered by the court at trial before Judge ROBINSON and a jury, to be heard in the first instance at general term. The facts sufficiently appear in the opinion.

*Daniel R. Lyddy*, for plaintiff.

*Payson Merrill*, for defendant.

VAN HOESEN, J. This is an action for false imprisonment. The defendant is one of a firm of clothiers, doing business on the corner of Broadway and Bond street. An association of journeymen tailors had organized a strike, and, for the purpose of bringing the defendant's firm to terms,

had detailed a number of the strikers to station themselves upon the sidewalk in front of the defendant's shop, with a view to intercept workmen entering into, or departing from the shop, and prevent them continuing in the defendant's employ. The strikers upon the sidewalk, who were, to use their own language, picketing the defendant's establishment, employed appeals and arguments, and also epithet and sneer, to deter journeymen from working for the defendant's firm. On the occasion of the plaintiff's arrest, he was not picketing. He had previously acted as a picket, but at the time he was arrested he had just left a neighboring tap-room, and approached an acquaintance who was on picket duty, for the purpose of conversation. The defendant at that moment sallied from the door of his shop, and directed a policeman who accompanied him, to arrest the plaintiff. It does not appear that if the plaintiff, at the time of the arrest, was in the actual commission of any offence at common law, or of a violation of the Metropolitan Police Act (chap. 259, act of 1860, secs. 29 and 30 ; act of 1867, chap. 806, sec. 14) or of any other statute, such offence was committed in the presence of the policeman who made the arrest. The extent to which associations to control the rates of wages may lawfully go is clearly pointed out in the exhaustive opinion of Chief Justice Daly, in the Stevedores' case (2 Daly, 1) ; and the authority of that case is not affected by the act of 1870, chap. 19, respecting the lawful and peaceable assembling of workmen.

It may be that picketing was an unlawful and dangerous assemblage, obstructing the free passage of the public sidewalk, and that plaintiff, being engaged in the general business of accosting and intimidating defendant's workmen, was guilty of a violation of the police act cited when he went to the place where the picket was stationed, and there stopped to confer with the picket, if it can be inferred from the circumstances that his act was a part of the general scheme of intimidation and interference. But we are of the opinion that such an act must be committed in the immediate presence of a policeman, in order to justify an arrest without

warrant by the officer, or to justify a person in giving the offender in charge, and this, whether the act be regarded as a breach of the peace, or as conduct tending to a breach of the peace. (*Boyleston* v. *Kerr*, 2 Daly, 220; *Willis* v. *Warren*, 1 Hilt. 590.) Upon the state of the evidence at the close of the plaintiff's case sufficient did not appear to justify an arrest without warrant, under the authority of the cases cited; and the defendant should have been called upon to show that the acts alleged by him to constitute a violation of the law were committed in the presence of the officer making the arrest.

The exception to the dismissal of the complaint is sustained, and a new trial is ordered, with costs to abide the event.

CHARLES P. DALY Ch. J., and JOSEPH F. DALY, J., concurred.

New trial ordered, with costs to abide event.