MARY E. TAAFFE, Respondent, *v.* BRIDGET M. KYNE, Appellant.

### April 20, 1880.

An action for false imprisonment cannot be maintained for the arrest of one who, while attempting to exercise a right, commits a breach of the peace and is arrested therefor.

APPEAL from the St Louis Circuit Court, WICKHAM, J. *Reversed and dismissed.*

MARSHALL & BARCLAY, for the appellant : The arrest was made by an officer while the plaintiff was engaged in the commission of an unlawful act. — *Burns* v. *Erben*, 40 N. Y. 463 ; *Lark* v. *Bande*, 4 Mo. App. 186 ; Wag. Stats. 462, sect. 56 ; p. 496, sect. 27. The arrest was justifiable. — *Henry* v. *Lowell*, 16 Barb. 268.

GARESCHÉ & GARESCHÉ, for the respondent : In an action in trespass for false imprisonment, it is not necessary

to prove either malice or want of probable cause. — 2 Add. on Torts, 731.

HAYDEN J., delivered the opinion of the court.

If, as the plaintiff contends, the present is an action for false imprisonment and not for malicious prosecution, the petition should have averred that the arrest was without process, or otherwise have alleged that it was unlawful. There is nothing in the pleadings to show that this is trespass for unlawful arrest and detention, and the case was evidently not tried on that theory. Independently of this, however, the judgment must be reversed, as, upon her own evidence, the plaintiff should have been nonsuited.

The plaintiff and one Miss McGann occupied adjoining rooms in a lodging-house, of which the defendant was the landlady, and the latter, in letting the plaintiff's room, had also given her the right to pass to her room through the front room, leased and occupied by Miss McGann. The plaintiff used this privilege until, some quarrel occurring, Miss McGann refused to allow the plaintiff to pass any more through the front room. The plaintiff claimed that she had no other way of getting to her room except by the back stairs, which were unfit for use, and when she found the door to Miss McGann's room locked, she forced the bolt with a hatchet. According to the plaintiff's testimony, she had broken two or three locks or bolts previously, and was arrested by the police officer when she was breaking the lock of the outside door of the front room, the one Miss McGann occupied. The plaintiff's testimony tended to show that the officer was called by the defendant to arrest the plaintiff as one who was disturbing the peace, and breaking locks and doors in defendant's house. Accordingly, the officer took the plaintiff to the police station without any warrant, and there the captain of police, saying that it was a woman's dispute, allowed the plaintiff to go. There was a verdict for the plaintiff for $300.

The case seems to have been tried upon the theory that the plaintiff had the right, under her contract with the defendant, to pass by the front room to her own back room, and to break the locks and bolts of the doors leading through the front room as often as was necessary to make way through the room of the other lodger. But, admitting to the fullest extent the right of plaintiff to pass through the room, the right to make her way by forcing locks or breaking doors did not exist. The question was not of a mere trespass, — a violation of law for which the offender was civilly liable, — but of an act committed with such circumstances of force and violence as to constitute a disturbance of the peace, and a criminal offence. Here was no question of entry in a peaceable and easy manner; the plaintiff was forcing the lock from the door of another lodger, with a hatchet. This was a disturbance of the peace (Wag. Stats. 496, sect. 27), and was calculated to provoke a further breach of the peace on the part of the lodger whose premises were thus invaded.

It is said by Hawkins that a man cannot make a forcible entry into his own house; but, in *Rex* v. *Smith*, 1 Man. & R. 155, it was held that, though a wife cannot commit a trespass on the property of her husband, yet if her entry was made under such circumstances of violence as to amount to a breach of the peace, — as, where she got over an iron railing, broke a pane of glass in a window, and so entered, — she might be guilty on an indictment for forcibly entering the house of her husband, the prosecutor. So, though the entry of a joint tenant or tenant in common is lawful, so that he cannot be liable in trespass, yet the lawfulness of his entry on the property he holds does not excuse the violence or lessen the injury done to his companion; and consequently, he may be guilty, upon indictment, of forcible entry. 1 Hawk. P. C., chap. 28, sect. 33.

Here, as to the fact that the plaintiff was arrested while in the act, and as to the use of actual violence on her part,

there was no conflict of testimony.   Her own evidence concludes her.   Where there is no conflict as to the material circumstances, the question of probable cause is a question of law, and not for the jury.   *Burns* v. *Erben*, 40 N. Y. 463.   A police officer of the city of St. Louis has the common law and statutory powers of a constable, and may arrest without warrant a person taken in the act of committing a breach of the peace.   Such power belongs to a constable. 1 Hale P. C. 587 ; *United States* v. *Hart*, 1 Pet. C. Ct. 390 ; *City Council* v. *Payne*, 2 Nott & M. 475 ; *Danovan* v. *Jones*, 36 N. H. 246.   See *Lark* v. *Bande*, 4 Mo. App. 186.

It follows that the plaintiff could not maintain the action, and the demurrer to evidence should have been sustained. See *Derecourt* v. *Corbishley*, 32 Eng. Law & Eq. 186 ; *Taylor* v. *Strong*, 3 Wend. 384.

The judgment is reversed and the case dismissed.   Judge BAKEWELL concurs ; Judge LEWIS is absent.