THE PEOPLE OF THE STATE OF NEW YORK *ex rel.*
ANNA KINGSLEY *v.* GEORGE E. PRATT, RECORDER OF
THE CITY OF ELMIRA.

*Arrest for misdemeanor—not proper without process—construction of a city ordinance authorizing such arrest—form of a complaint before a magistrate.*

A police officer is not authorized, without process, to arrest a person as a
common prostitute, on the ground that she is a disorderly person, unless
the offense was committed in his presence.

A city ordinance providing that "policemen shall have power * * * to
arrest * * * all vagrants, common prostitutes, drunkards and other disorderly persons found in the city," must be construed as a power to arrest
such offenders in the manner required by the general common and statutory
law of the State, and not as giving additional power to such officers, not
warranted by and not in harmony with such general law.

A complaint before a police magistrate to the effect that the complainant had
heard and believed a person to be a common prostitute, without stating the
source of his information, or the grounds of his belief, will not justify the
magistrate in proceeding with the trial of the person upon such charge.

CERTIORARI to the recorder of the city of Elmira, to bring up
for review the proceedings had before him for the conviction of the
relator as a disorderly person.

The relator was arrested by a policeman in the city of Elmira,
without any warrant. After such arrest a complaint was made as
follows :

"CHEMUNG COUNTY, ⎱ ss. :
   CITY OF ELMIRA.  ⎰

"James Kelly, on information and belief, on oath complains that
at said city on the 1st day of January, 1879, and on divers days
and times between that day and the present time, Anna Kingsley
was, and now is a disorderly person, to wit, a common prostitute,
and has during the time aforesaid, for gain, permitted and procured
men to visit her at her rooms in said city and with them committed
whoredom and fornication.

"JAMES KELLY.

"Subscribed and sworn before me, ⎱
   this 18th day of March, 1880.    ⎰

"GEORGE E. PRATT,
   "Recorder of said city."

*C. A. Dolson* and *Roswell R. Moss*, for the relator.

*H. H. Rockwell*, for the respondent.

MARTIN, J.:

The relator was arrested by a policeman of the city of Elmira, with-out any warrant or other process therefor. After such arrest a com-plaint was made against her by one Kelley, who alleged therein upon his information and belief, that she was a disorderly person in that she was a common prostitute. Upon this complaint the relator was tried, convicted and sentenced by the recorder to six month's im-prisonment in the Monroe county penitentiary.

It is now insisted that such arrest was unauthorized, the com-plaint upon which she was tried insufficient, and that the recorder, therefore, never acquired any jurisdiction as to the person of the relator, and that the conviction by him was consequently erroneous and void.

At common law an officer has the right *without process* to arrest any person who is guilty, or who he has reasonable cause to suspect of being guilty of a felony, and also to arrest any person engaged in a breach of the peace or other misdemeanor, *when the offense is committed in view of the officer making the arrest.* But in this case, the offense for which the relator was arrested was not committed in the presence of the officer making the arrest, nor had he any process authorizing such arrest; and we have neither been cited to nor been able to find any authority justifying an arrest by an officer without process, for an offense of the grade of that of which the relator was convicted, unless it was committed in the presence of such officer, and we think no such authority exists, unless in cases where it is expressly given by statute. (*People v. Bush*, 1 Wheeler Cr. Cas., 137; *Taylor* v. *Strong*, 3 Wend., 384, note *a*; *Com.* v. *Carey*, 12 Cush. 246; *Commonwealth* v. *McLaughlin*, Id., 615; *Sternack* v. *Brooks*, 7 Daly, 142; *Hennessy* v. *Connolly*, 13 Hun, 173; *Meyer* v. *Clark*, 9 J. & S., 107, and cases cited.) More-over, when such arrest is authorized to be made without process, it is at least the better practice, if not indispensable to the regularity of the proceeding, to convey the offender at once before a magis-

trate, and there make complaint, and cause the issuing of a warrant against the accused for the offense committed. (1 Colby Criminal Law, 140.) We are also unable to find that any statutory authority existed, giving the ·officer power to make this arrest without. process. The Revised Statutes expressly provide, that a complaint shall be made and a warrant. issued for the arrest of a disorderly person. (1 R. S., 638.) And the charter of. the city of Elmira only provides, that the policemen shall have power to arrest persons *found by them violating* the laws and ordinances of the city. (L. 1875, ch. 370, § 103.) By neither of these statutes is power given to an officer to arrest in such. a case as this without a warrant therefor. The respondent, however, contends that this arrest was authorized by an ordinance of the city, which provides that "the chief of police and policemen shall have power, and are hereby required to arrest all persons engaged in the commission of any crime, misdemeanor, or breach of the peace, and in violation of the ordinances of the city of Elmira ; and all vagrants, common prostitutes, drunkards and other disorderly persons found in the city." We do not think so. Assuming this ordinance to be valid, and the power to arrest mentioned in it must be construed as a power to arrest such offenders. in the manner required by. the general, common and statutory law of the State, and not as giving additional power to such officers,. which is unwarranted by and not in harmony with such general law. (Bishop on Statutory Crime, § 22.) We are therefore of the· opinion that the relator's arrest without process was unwarranted.

The complaint in this case was also insufficient. It alleged, upon information and belief only, that the relator was at the times therein mentioned a disorderly person, to wit : a common prostitute, without stating any fact or circumstance showing or tending to show that she was such prostitute. It at most contained an allegation to the effect that the complainant had heard and believed her to be a· common prostitute, without stating the source of his information or the ground of his belief. This was not enough to justify the recorder in proceeding with the trial of the relator upon that charge.· (1 Colby Criminal Law, 139 ; *Comfort* v. *Fulton*, 13 Abb. Pr., 276; *Blodgett* v. *Race*, 18 Hun, 132.)

The relator's arrest having been unauthorized, and the complaint insufficient, we think that the recorder did not acquire jurisdiction as to the person of the relator, and that his proceedings and conviction of the relator must be reversed.

This conclusion renders it unnecessary to examine the other questions raised in this case.

Present—LEARNED, P. J., BOCKES and MARTIN, JJ.

Judgment and conviction reversed.