### KOLZEM *v.* BROADWAY & SEVENTH AVE. R. CO.

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. STREET RAILROADS—WILLFUL OBSTRUCTION—WHAT CONSTITUTES.
   In an action against a street railroad company for false imprisonment, the evidence showed that plaintiff, under a permit issued by the commissioner of public works, excavated the street and defendant's roadbed at a certain place in order to repair sewer connections, and that the temporary interference with the passage of defendant's cars was unavoidable. *Held*, that there was no willful obstruction of defendant's railway, in violation of Laws 1881, c. 676, § 426.

2. MASTER AND SERVANT—TORTS OF SERVANT—LIABILITY OF MASTER.
   Plaintiff was arrested by an officer without a warrant for willfully obstructing defendant's cars, and taken before a magistrate, who cautioned and discharged him. The next day he was rearrested, taken before the same magistrate, adjudged guilty, and sentenced to pay a fine of $10, or be imprisoned 10 days. Plaintiff paid the fine, was discharged from custody, and, in an action for false imprisonment, testified that the first arrest was on the direct request of defendant's time keeper, which testimony the officer corroborated; and that the second arrest was on the complaint of defendant's road master, which was uncontroverted. *Held*, that the acts of the street railroad company's servants in causing the arrest, though tortious, were committed within the scope of their authority, and rendered the company liable as tort feasor for the damage caused by the wrongful arrest, jointly with the officer making it, or severally, at plaintiff's election.

3. FALSE IMPRISONMENT—MALICE—INSTRUCTIONS.
   There was evidence that, before the excavation progressed sufficiently to interfere with defendant's railway, plaintiff was threatened with arrest unless he desisted, as defendant intended to make a "test" case to secure judicial interpretation of the statute. *Held*, that the court properly refused to charge that there was no evidence of malice, and charged the jury to award exemplary damages, if the arrest was accompanied by malice.

Appeal from trial term.

Action by Michael Kolzem against the Broadway & Seventh Avenue Railroad Company for false imprisonment. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Root & Clarke,* for appellant. *Deyo, Duer & Bauerdorf,* (*Robert E. Deyo,* of counsel,) for respondent.

BISCHOFF, J. Plaintiff, a plumber acting under the authority of a permit issued to him by the commissioner of public works, proceeded to excavate the street and roadbed in front of the premises 393 Seventh avenue, in the

city of New York, for the purpose of repairing the sewer connections, when he was apprehended by a police officer on· a charge of having willfully obstructed, hindered, and delayed the passage of defendant's cars lawfully running upon its street railway, which by section 426, c. 676, Laws 1881, (Pen. Code,) Laws 1879, c. 474, is made a misdemeanor.    He was taken before a police justice, who first cautioned and then discharged him.    On the next succeeding day, while prosecuting his work, plaintiff was again apprehended upon a like charge, and taken before the same magistrate, who this time adjudged plaintiff guilty, and fined him $10, in default of the payment of which fine, he was to be imprisoned for 10 days.    Plaintiff paid the fine, and was discharged from further custody.    Thereupon he brought this action to recover damages for his alleged false arrest and imprisonment, and the jury awarded him $750.    From the judgment entered on the verdict, and an order denying its motion for a new trial on the minutes, defendant has appealed.

It was conceded on the trial that the arrest was in each instance without a warrant, and defendant contended that it was made by the officer in whose immediate presence the alleged misdemeanor was committed, and not at the request or instigation of its agents or servants; also that the conviction of plaintiff in the police court was evidence of his guilt.

The learned trial judge ruled that the police justice was without jurisdiction, and the pretended conviction of no effect.    Of the propriety of this ruling there can be no question, since police justices possess only such powers as are specially conferred by statute, (Code Crim. Proc. § 74,) Laws 1881, c. 442; and misdemeanors committed in the city and county of New York must be tried and determined in the court of special sessions, unless the case is directed to be tried in the court of general sessions, (section 74.)

It remained, therefore, on the trial, to ascertain whether the offense was in fact committed, and whether the arrest was instigated by defendant's agents or servants, or was made by the police officer acting upon his supposed authority.    Plaintiff testified that he was first arrested upon the direct request of defendant's time keeper, Seymour, to Officer Buchanan, that he be taken into custody upon the charge then and there made.    The officer, called as a witness for the defendant, corroborated this.    The second arrest, plaintiff said, was made upon the complaint, and at the request, of defendant's road master, Dow, and this was wholly uncontroverted.    There was also ample evidence to show that the sewer connections could not have been repaired without making the excavation, and that temporary interference with the passage of defendant's cars was unavoidable with the exercise of due care on the part of plaintiff and his workmen.    The jury were therefore justified in concluding that there was no willful obstruction of defendant's railway, and that the arrest and imprisonment were caused and instigated by its agents or servants.

No offense having been committed in the officer's presence, or at any other time, he had no authority to· arrest without a warrant, (*People* v. *Pratt*, 22 Hun, 300,) and was amenable to an action for false arrest and imprisonment, (*Boyleston* v. *Kerr*, 2 Daly, 220.)    The acts of defendant's servants in causing the arrest, though tortious, having been committed within the scope of their employment, were imputable to defendant, (*Fishkill Sav. Inst.* v. *National Bank of Fishkill*, 80 N. Y. 162;) and it was therefore liable to plaintiff as tort feasor for the damage caused by his wrongful arrest, jointly with the officer making it, or severally, at plaintiff's election.

Evidence that the arrest was made from malicious motives, or without probable cause, was not required to sustain the action, though malice could be shown to aggravate the damage.    *Marks* v. *Townsend*, 97 N. Y. 590, 597. In an action for false arrest and imprisonment, however, the recovery of punitive or exemplary damages does not depend upon the existence of malice

in its ordinary sense. It is sufficient evidence of malice that the arrest was wanton, oppressive, or in open disregard of the plaintiff's right to personal liberty. Newell, Mal. Pros. c. 14, p. 524, § 34; *Voltz* v. *Blackmar*, 64 N. Y. 440. Plaintiff testified that, before the excavation had progressed sufficiently to interfere with defendant's railway, he was threatened with arrest, unless he desisted from such interference, as defendant intended to make a "test" case to secure the judicial interpretation of the statute. His subsequent arrest and imprisonment were therefore not due to inadvertence, or the result of an innocent error, though the manner in which it was caused was a mistake. The facts testified to also indicated an intentional and a wanton invasion of plaintiff's civil rights, and the trial judge, therefore, properly refused to charge that there was no evidence of malice, and properly charged that the jury could award punitive or exemplary damages, if they believed that the arrest was accompanied by malice. Wood, Mast. & Serv. p. 659, § 323. The judgment and order appealed from should be affirmed, with costs. All concur.