SARAH A. CARSON, Appellant, *v.* SIMON DESSAU, Respondent.

In an action for false imprisonment plaintiff's testimony was to the following effect: Having a valid claim against defendant she went to his place of business to collect it and asked payment of him. Defendant's father, D., who was a stranger to plaintiff, interposed and addressed her on the subject of the bill. She replied she was not addressing him, but the one who owed the bill. She again asked defendant to pay; he said nothing. Plaintiff then added, "Well, the only thing I can do is to state the case to the 'World' and see what they can do for me." Thereupon defendant called to D. and whispered to him. The latter directed a person in the office to go for a detective. An officer came and D. directed him to arrest plaintiff, charging her with blackmail, alleging she had come to extort money from him. This plaintiff denied, but she was arrested and taken to a station house where D. preferred a charge

against her of blackmail. She was confined over night, and the next day the charge was changed to that of disorderly conduct. She was fined, and on payment of the fine was discharged. Prior to this plaintiff had written to defendant; he came to her house with an officer and said to her if she "bothered him about any bill he would make it pretty hot for her." *Held*, that a jury might have found from the testimony that the act of D. was instigated by defendant, and so, that a non-suit was error.

(Argued May 1, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 8, 1893, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Circuit.

This action was brought to recover damages from defendant and one David Dessau, who was joined as a party defendant, but has died since the action was commenced, for alleged false imprisonment.

The facts, so far as material, are stated in the opinion.

*L. A. Gould* for appellant. Plaintiff's arrest was unlawful and an outrage ; all persons who connived at the arrest are liable in damages. (Penal Code, § 558 ; *People* v. *Wightman*, 104 N. Y. 601 ; *People* v. *Griffin*, 2 Barb. 247.) The proven facts are sufficient, *prima facie*, to establish respondent's liability for the unlawful arrest of appellant. (*People* v. *Tweed*, 5 Hun, 382 ; *Weidner* v. *Phillips*, 39 id. 1 ; *Mali* v. *Lord*, 39 N. Y. 381 ; 101 id. 617.) Plaintiff being non-suited, no affirmative findings could be made, and no judgment upon the merits could properly be rendered. (*Lugar* v. *Byrnes*, 21 N. Y. Supp. 753, 754 ; *Scofield* v. *Hernandez*, 47 N. Y. 313.)

*Leon Lewin* for respondent. The complaint was properly dismissed. (*Brown* v. *Chadsey*, 39 Barb. 253 ; *Miller* v. *Millegan*, 45 id. 30 ; *Dwight* v. *G. Ins. Co.*, 103 N. Y. 341 ; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 id. 356.) The evidence against defendant is entirely circumstantial. (*Allen* v. *Allen*,

101 N. Y. 659; *Pollock* v. *Pollock,* 71 id. 137.) The defendant is not responsible for an arrest caused by persons not in his employ. (*Mali* v. *Lord,* 39 N. Y. 381.) The judgment dismissing the complaint upon the merits was proper. (Code Civ. Pro. § 1209; *Knight* v. *Sackett,* 19 N. Y. Supp. 712.)

ANDREWS, Ch. J.   We think the case should have been submitted to the jury upon the question whether the defendant acted in concert with David Dessau in procuring the arrest of the plaintiff and aided or abetted it. The complaint was dismissed on the conclusion of the evidence on behalf of the plaintiff, and, if unexplained, it . justified an inference that the defendant was a party to the unlawful arrest the court should not have taken the case from the jury. Upon the uncontradicted proof the plaintiff had a valid claim against the defendant and went to his office to collect it. That the place where she went was the defendant's place of business was indicated by a sign with his name thereon. Finding the defendant there she addressed him, asking payment of the bill. He made no reply, but his father, David Dessau (since deceased), whom the plaintiff did not know and had never seen before, interposed and addressed her on the subject of the bill. The plaintiff said: "I am not addressing you; I am addressing the gentleman who owes me the bill," and then again speaking to the defendant said: "I hope you will pay me the gas bill and not put me to any trouble." The defendant remained mute, and the plaintiff then said: "Well, the only thing I can do is to state my case to the 'World' and see what they can do for me. I am too poor to lose that money." Thereupon, as the plaintiff testified, the defendant called to his father and whispered to him. The father said nothing and his lips did not move. On the conclusion of the whispering David Dessau directed a young man in the office to go for a detective, and turning to the plaintiff said: "Madam, be seated." An officer soon came and the father said to him: "I want you to arrest that woman." The officer said, "What for," and he replied, "For blackmail; she has come

to extort money from me and I don't owe her any money.    I
don't know her, she is a stranger."    The plaintiff protested
that she was not liable to arrest; that she made no claim
against David Dessau, but that her claim was against the
defendant.    The officer said something about preferring a
charge, and David Dessau said : " I prefer the charge of black-
mail."    The plaintiff was compelled to go with the officer and
David Dessau to the station house, and there the latter charged
her with blackmail.    She was taken below to a cell and kept in
the corridor till morning, when, on being brought before the jus-
tice, the charge was changed to that of disorderly conduct and
she was fined $10, which she paid and was thereupon discharged.

The arrest of the plaintiff was without warrant, on a charge
of crime, when in fact, according to her testimony, no crime
had been committed, and no reasonable ground for suspicion
existed on the part of David Dessau, by whose immediate
direction the arrest was made.    He was guilty of false
imprisonment whether or not the officer was liable.    (*Holley*
v. *Mix*, 3 Wend. 351, and cases cited; *Burns* v. *Erben*, 40
N. Y. 463.)    The defendant did not by word participate in
the direction given by David Dessau, unless the jury would
have a right to infer from his relation to the transaction that
the direction of David Dessau to have an officer brought
immediately following the whispered communication was with
his concurrence and advice.    The defendant cannot be made
liable on a suspicion merely of his concert with his father in
procuring the alleged arrest.    But can it be said that the evi-
dence upon this point did not rise above the grade of con-
jecture to the dignity of proof?    The jury had a right to take
into consideration all the circumstances, as well those occurring
at the immediate time and before, bearing upon and aiding in
the interpretation of the defendant's conduct and participation.
There is a fact of some significance ante-dating the day of the
arrest.    The plaintiff testified that a short time before that
day and after the defendant had left the flat, she had written
him and he came to see her with an officer, and during a con-
versation about the gas bill he said, " that if I bothered him

about any bill he would make it pretty hot for me." A few days after she had the interview at the office. Considering this threat in connection with the defendant's conduct at the office; his remaining mute; his whispered communication; the order given by David Dessau immediately following; the absence of any protest on his part when it was a matter between himself and the plaintiff alone to which the interview related, we cannot say that unexplained the jury might not have found that the act of David Dessau was instigated by the defendant. We express no opinion as to the conclusion which should be reached by the jury. We hold merely that upon the evidence given the jury should have been allowed to pass upon the question.

The judgment should be reversed and a new trial granted. All concur.

Judgment reversed.