(30 Misc. Rep. 650.)

### CRAVEN v. BLOOMINGDALE.

(Supreme Court, Trial Term, New York County. March, 1900.)

1. FALSE IMPRISONMENT—PUNITIVE DAMAGES.

Punitive damages may be recovered in an action for false imprisonment, if the arrest was wanton or oppressive, or in open disregard of plaintiff's right to personal liberty.

2. SAME—MALICE.

Legal malice is sufficient to entitle one to punitive damages in an action for false imprisonment, it being unnecessary to show malice in the ordinary sense.

3. SAME—INSTRUCTIONS.

An instruction to award punitive damages, in an action for false imprisonment, if defendant was guilty of malice, without defining the kind of malice required, is not error, in the absence of a request for such a definition.

4. DAMAGES—AWARD BY JURY—APPEAL.

Where damages are unliquidated, and there is no fixed rule by which they can be measured, an award by the jury will not be disturbed, unless there has been a plain abuse of discretion.

Action by Walter T. Craven against Lyman G. Bloomingdale. Judgment for plaintiff, and defendant moves for a new trial. Denied.

Otto Horwitz, for the motion.

J. W. Brainsby, opposed.

GILDERSLEEVE, J. The action is for false imprisonment. The motion for a new trial herein is urged upon two grounds: First, it is claimed that the court erred in instructing the jury that they might award punitive or vindictive damages; and, second, the defendant claims that the damages awarded are excessive. I think the cases of Muckle v. Railway Co., 79 Hun, 33, 29 N. Y. Supp. 732, and Kolzem v. Railroad Co., 1 Misc. Rep. 148, 20 N. Y. Supp. 700, and other cases that might be cited, establish the rule, in actions for false imprisonment, that punitive damages may be recovered "if the arrest was wanton or oppressive, or in open disregard of plaintiff's right to personal liberty." It may then be said that malice has been shown,— not malice in its ordinary sense, but legal malice, which is sufficient to support the claim for punitive damage. While in this case the court instructed the jury that they might award punitive damage, the jury were not told the kind of malice upon which, if awarded, this character of damage must rest. Had the jury been told that if, from all the facts and circumstances, they reached the conclusion that the arrest by defendant's servant was wanton, reckless, and in disregard of plaintiff's right to personal liberty, they might award some reasonable sum by way of exemplary damages, the charge

would, I think, be free from error on the question of damages. The court did not refuse such instruction. It was not asked to so advise the jury. Except upon request of counsel, the court is not bound to lay down principles of law for the jury's guidance. The court in the case at bar refused no request on this branch of the case, except the request of the defendant that the jury should not give punitive damages. Since, therefore, under the evidence, I am of opinion that the jury had the power to award punitive damages, I think no error was committed in refusing to charge as requested.

So far as the second point is concerned, I am not disposed to disturb the verdict on the ground of excessive damages. Where the damages are unliquidated, and there is no fixed rule by which the measure of damages can be ascertained, the amount is referred to the discretion of the jury, and the court will not usually interfere with their decision, unless there has been a plain abuse of discretion. Pastor v. Regan, 9 Misc. Rep. 547, 30 N. Y. Supp. 657; 14 Enc. Pl. & Prac. 756. I do not think that there has been a plain abuse of discretion in the case at bar. Motion denied. No costs.

Motion denied. No costs.