CATHARINE LAUFFER, Respondent, *v.* THOMAS DOWNES, Appellant.

Second Department, December 7, 1917.

False imprisonment — arrest of woman in city of New York without warrant on charge of solicitation — defendant must show that plaintiff was guilty and that offense was committed in his presence — judgment for plaintiff affirmed.

Where a police officer arrested a woman in the city of New York without judicial warrant for an alleged violation of section 1458 of the Consolidation Act (Laws of 1882, chap. 410), which makes solicitation on a public thoroughfare disorderly conduct tending to a breach of the peace, he must, in order to escape liability when subsequently sued for false imprisonment after the discharge of the plaintiff, establish, *first*, that the plaintiff was guilty of the offense, and *second*, that the offense was committed in his presence or within his view.

Evidence examined, and *held*, that the jury were justified in finding that the plaintiff was unlawfully imprisoned and detained and that a judgment in her favor should be affirmed.

PUTNAM, J., and JENKS, P. J., dissented, with opinion.

APPEAL by the defendant, Thomas Downes, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of December, 1916, upon the verdict of a jury for $300, and also from an order entered in said clerk's office on the 3d day of January, 1917, denying defendant's motion for a new trial made upon the minutes.

*George A. Green* [*Lamar Hardy*, Corporation Counsel, and *Thomas F. Magner* with him on the brief], for the appellant.

*Charles A. Oberwager* [*Benjamin Krauss* with him on the brief], for the respondent.

STAPLETON, J.:

The appeal is from plaintiff's judgment in an action for damages for false imprisonment. The defendant is an officer of the police force of the city of New York. He arrested the plaintiff without a judicial warrant. She was detained until her arraignment before a city magistrate on the day following her arrest. The officer says he arrested her because she solicited him on a public street at ten-thirty o'clock in the evening and offered to prostitute herself for money. He charged her with a violation of section 1458 of chapter 410 of the Laws of 1882 (Consolidation Act), continued in force and its operation extended territorially by the Greater New York charter (Laws of 1897, chap. 378, §§ 1608, 1609, 1610, as amd. by Laws of 1901, chap. 466). The pertinent provisions of the Consolidation Act read:

" § 1458. Every person in said city and county shall be deemed guilty of disorderly conduct that tends to a breach of the peace, who shall in any thoroughfare or public place in said city and county commit any of the following offenses, that is to say:  *  *  *

" 2. Every common prostitute or nightwalker loitering or being in any thoroughfare or public place for the purpose of prostitution or solicitation, to the annoyance of the inhabitants or passers-by."

The plaintiff herein was convicted in the proceeding of a criminal nature by a city magistrate, but the conviction was reversed and the defendant discharged by the County Court of Kings county on the ground that the evidence did not warrant a conviction. (Code Crim. Proc. §§ 764, 767.) The plaintiff then commenced this action. The defendant pleaded justification as a defense. The plaintiff gave evidence that she did not commit the acts alleged in the information and that she was arrested and detained. The defendant was not fortified by a judicial warrant nor by a valid and subsisting judgment of a court having jurisdiction of the offense with the commission of which he charged the plaintiff. He was remitted to reliance upon a statute for his warrant, and he can have protection only by establishing that the person he arrested and detained was found violating the law in his presence or within his view. (*Davis* v. *American Society, etc.,*

75 N. Y. 362, 367.)   The statute reads: " The several members of the police force shall have power and authority to immediately arrest, without warrant, and to take into custody, any person who shall commit, or threaten, or attempt to commit, in the presence of such member, or within his view, any breach of the peace or offense directly prohibited by act of the Legislature, or by any ordinance made by lawful authority. The members of the police force shall possess in The City of New York and in every part of this State, all the common law and statutory powers of constables, except for the service of civil process, and any warrant for search or arrest, issued by any magistrate of this State, may be executed, in any part thereof, by any member of the police force, and all the provisions of sections seven, eight and nine of chapter two, title two, part four of the Revised Statutes, in relation to the giving and taking of bail, shall apply to this chapter." (Greater N. Y. Charter, § 337, as amd. by Laws of 1901, chap. 466.)

In *Snead* v. *Bonnoil* (166 N. Y. 325, 328) the court say: " If the arrest was lacking in these elements of authority to make it, then there has been an unlawful detention of the person arrested and, upon his bringing his action and showing the false imprisonment, the burden of justification is upon the defendant." The court further say: " False imprisonment has been well defined to be a trespass committed by one man against the person of another, by unlawfully arresting him and detaining him without any legal authority. (Addison on Torts, p. 552.) Where the detention is illegal the action will lie, without regard to the innocence of the defendant in his intentions. It is an important principle of our political institutions that every person is entitled to immunity from arrest except by authority and for cause."

Assuming, without deciding, that the acts alleged to have been committed by plaintiff, on the night of her arrest by the defendant, brought her within the terms of the hereinbefore quoted provisions of chapter 410 of the Laws of 1882, and those acts constitute a breach of the peace or are directly prohibited by that statute, even a police officer, justifying by statutory warrant and not supported by a final judgment of conviction in a court having jurisdiction of the offense, must, in an action for false imprisonment, establish two facts:

(1) The guilt of the plaintiff of an offense for which he may make an arrest without judicial warrant, and (2) that the offense was committed in his presence or within his view. (*Snead* v. *Bonnoil, supra; Carson* v. *Dessau,* 142 N. Y. 445, 448; *Gold* v. *Armer,* 140 App. Div. 73; *Hennessy* v. *Connolly,* 13 Hun, 174; *Boyleston* v. *Kerr,* 2 Daly, 220; *Sternack* v. *Brooks,* 7 id. 142; *People ex rel. Kingsley* v. *Pratt,* 22 Hun, 300.)

The jury in the case at bar, acting within its lawful province, found that the plaintiff was unlawfully imprisoned and detained. Its verdict should stand and the judgment entered thereon should be affirmed.

THOMAS and BLACKMAR, JJ., concurred; PUTNAM, J., read for reversal, with whom JENKS, P. J., concurred.

PUTNAM, J. (dissenting):

This recovery is for damages in discharge of a duty laid on a policeman by the city charter. Suspicion was not only aroused by seeing plaintiff accost three different men that evening, but the officer in plain clothes was himself solicited. Therefore, he needed no warrant, as might be required for a misdemeanor, out of his view. He could not let plaintiff escape because there was no night court for speedy arraignment.

Is such an officer henceforth to fail in his duty in view of the possible impression a woman of good appearance may subsequently make upon a civil jury?

Referring to the Statute of Winchester (13 Edw. I, Stat. 2, c. 4), authorizing arrest of suspicious persons at night, Hawkins' Pleas of the Crown says: "It is holden that this statute was made in affirmance of the common law and that every private person may by the common law arrest any suspicious night-walker, and detain him till he give a good account of himself, as hath been more fully shewn in the precedent chapter, section twenty." (Vol. 2 [8th ed.], p. 129, § 6.)

Authority to arrest with or without process is conferred on a village constable (Village Law [Consol. Laws, chap. 64; Laws of 1909, chap. 64], § 338; Village Law [Gen. Laws, chap. 21; Laws of 1897, chap. 414], § 319, as amd. by Laws of 1899, chap. 217; Village Law [Laws of 1870, chap. 291], tit. 8, § 19.

See *Roderick* v. *Whitson*, 51 Hun, 620), and on policemen of a city (N. Y. City Police Courts' Act [Laws of 1860, chap. 508], § 20; re-enacted in Consol. Act [Laws of 1882, chap. 410], § 1458; Greater N. Y. Charter [Laws of 1897, chap. 378; Laws of 1901, chap. 466], §§ 311, 315, as amd. by Laws of 1914, chap. 455; Id. § 337).

I find no controlling authority for this affirmance. In *Carson* v. *Dessau*, cited, the defendant was not an officer. The court expressly reserved the question " whether or not the officer was liable " (p. 448). The other Court of Appeals authority, *Snead* v. *Bonnoil*, a charge of felony, turned on defendant's belief that a felony had been committed. On the other hand, an instruction " the policeman was liable unless the plaintiff was guilty " (in line with the opinion of the majority here) was held error. (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 282.)

Jenks, P. J., concurred.

Judgment and order affirmed, with costs.