HANS WAHL *vs.* SWAN WALTON.

June 20, 1883.

**Arrest without Warrant—Interval of Time after Commission of Offence.**—To authorize an arrest by a peace officer without a warrant, for an offence not a felony, under the first subdivision of Gen. St. 1878, *c.* 105, § 11, it must be made at the time; that is, the officer must at once set about the arrest and follow up the effort till it is made. Five hours having intervened during which the officer was not about anything connected with the arrest, the authority to arrest ceased.

**False Imprisonment—Record of Conviction as Evidence.**—In an action for false imprisonment in making such arrest, the record of plaintiff's conviction for the offence alleged as the cause of arrest is not competent evidence of his guilt.

Action for false imprisonment, brought in the district court for Hennepin county. Trial before *Young*, J., and a jury, and verdict of $350 for plaintiff. Defendant appeals from an order refusing a new trial.

The offence for which plaintiff was arrested by defendant was disorderly conduct, in violation of a city ordinance. The evidence showed that plaintiff was disorderly at noon of the day of the arrest, in the presence of defendant, who then made no effort to arrest plaintiff. About six o'clock of the same day, defendant, meeting plaintiff, arrested him and committed him to the police station, where he was compelled to pass the night. On the following day, being brought before the municipal court of Minneapolis, plaintiff pleaded guilty, and was fined $5. Plaintiff's disorderly conduct at noon arose from interfering to protect his son, a boy engaged in selling apples, from the attacks of a crowd of boys, including defendant's son, whom, it is claimed, plaintiff struck.

*Benton & Pittman*, for appellant.

*Ueland & Shores*, for respondent.

GILFILLAN, C. J. Gen. St. 1878, *c.* 105, § 11, provides: "A peace officer may, without a warrant, arrest a person—*First*, for a public offense committed or attempted in his presence; *second*, when a per-

son arrested has committed a felony, although not in his presence; *third,* when a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it; *fourth,* on a charge made, upon reasonable cause, of the commission of a felony by the party arrested."

This action is for false imprisonment. The defendant justifies the imprisonment as upon an arrest of plaintiff, made by him, then a police officer of the city of Minneapolis, without a warrant, for a violation, in his presence, of an ordinance of that city. There was evidence tending to show that, about noon, the plaintiff violated the ordinance in the presence of defendant. The defendant did not then attempt to make the arrest, but went about his other duties during the afternoon, and arrested plaintiff at 5 or 6 o'clock in the evening. There was also evidence tending to show that plaintiff was committing a similar violation of the ordinance at the time of the arrest. The court instructed the jury, in effect, that if plaintiff was, at the time of the arrest, committing a violation of the ordinance, that would justify the arrest, though without a warrant, but that defendant had no authority to arrest in the evening for a violation at noon.

At the common law, a constable might, without warrant, arrest for a breach of the peace committed in his view. 4 Bl. Com. 292. But it was well settled that in case of an offence not a felony, the arrest must have been made at the time of, or within a reasonable time after, its commission. *Regina* v. *Walker,* 25 Eng. Law & Eq. 589; *Cook* v. *Nethercote,* 6 C. & P. 741; *Clifford* v. *Brandon,* 2 Camp. 358; *Derecourt* v. *Corbishley,* 5 El. & Bl. 188; *Phillips* v. *Trull,* 11 John. 486; *Taylor* v. *Strong,* 3 Wend. 384; *Meyer* v. *Clark,* 41 N. Y. Sup. Ct. 107. In case of felony *actually* committed, although not in his presence, he might, upon probable suspicion, arrest without a warrant. The reason for the distinction lay in the greater gravity of the latter class of offences, and the greater importance to the public of bringing the offenders to punishment.

The statute seems to be a re-enactment of the common-law rule, with this change: that the first subdivision enlarges the class of cases in which a peace officer may arrest where the offence is committed in his presence, so that such arrest may be made for any public offence,

—felony or misdemeanor,—though not amounting to a breach of the peace. But there is no reason to suppose that it was intended to change in any other respect the conditions on which the arrest may be made. The power to arrest without warrant, while it may in some cases be useful to the public, is dangerous to the citizen, for it may be perverted to purposes of private malice or revenge, and it ought not, therefore, to be enlarged.

When it is said that the arrest must be made at the time of or immediately after the offence, reference is had, not merely to time, but rather to sequence of events. The officer may not be able, at the exact time, to make the arrest; he may be opposed by friends of the offender; may find it necessary to procure assistance; considerable time may be employed in the pursuit. The officer must at once set about the arrest, and follow up the effort until the arrest is effected. In *Regina* v. *Walker, supra,* some two hours had elapsed between the offence and the arrest, and it was held that the authority to arrest was gone, because there was no continued pursuit; and the same was held in *Meyer* v. *Clark, supra,* because the officer had departed and afterwards returned, the court saying, the shortness of the interval does not affect the question. In this case, some five hours having elapsed between what occurred at noon and the arrest, during which the defendant was not about anything connected with the arrest, the court was right in its instruction that there was no authority to arrest for that occurrence.

The record of the plaintiff's conviction before the municpal court was *res inter alios acta,* and therefore not competent.

Order affirmed.