STATE ex rel. P. W. OLSON v. H. W. LEINDECKER.[1]

January 8, 1904.

Nos. 13,766—(215).

**Arrest Without Warrant.**

G. S. 1894, § 7120, which provides that an arrest may be made by an officer without a warrant when a public offense has been committed or attempted in his presence, and also when a felony has been committed, although not in his presence, is an affirmation of the common law, which is that an arrest without a warrant has never been lawful except in those cases where the public security requires it, and this has only been recognized in felony and in breaches of the peace committed in the presence of the officer.

**Arrest for Misdemeanor.**

The right to arrest without a warrant in cases of misdemeanor such as the violation of a village ordinance is prescribed by G. S. 1894, § 1252.

**Arrest by Village Marshal.**

A village marshal has no right to arrest and take into his custody a person who has been found guilty of a violation of a village ordinance unless a writ of commitment is in his hands at the time he seeks to make such arrest. The fact that a commitment has been issued and delivered to him, which he has surrendered to the village attorney, will not justify taking defendant into his custody.

Writ of habeas corpus issued from the district court for Renville county upon relation of P. W. Olson, directed to defendant, as marshal of the village of Bird Island in said county. At the hearing, the court commissioner of said county, before the writ was returnable, made an order discharging the relator from custody. From this order defendant appealed. Affirmed.

*B. H. Bowler*, for appellant.

*Daly & Barnard*, for respondent.

COLLINS, J.

This appeal was taken under Laws 1895, p. 734 (c. 327) from an order discharging the relator, Olson, from the custody of the respondent, Leindecker.

[1] Reported in 97 N. W. 972.

It appears that in August, 1903, Olson was convicted of a violation of a certain ordinance of the village of Bird Island, and was adjudged by the justice before whom the case was tried to pay a fine of $25 and costs, and in default of payment to stand committed to the common jail of the county for thirty days. Leindecker was the village marshal, and his attorney in this proceeding was the village attorney. The fine was not paid, and the justice issued a writ of commitment a few days afterward, and delivered it to Leindecker, as the village marshal, for service. Before taking Olson into custody, this commitment was demanded by and delivered to the village attorney, who has ever since held and retained it, and, according to his own assertion on this appeal, "thereby completely canceled said Leindecker's authority in the matter." Later, and without having the commitment in possession, Leindecker took Olson into custody, whereupon a writ of habeas corpus was sued out, made returnable before the court commissioner for the county, and a hearing resulted in the discharge of Olson. Thereupon this appeal was taken in behalf of Leindecker.

The order of the court commissioner must be affirmed. Without the commitment in his possession, the village marshal was without authority to take Olson into his custody. Without it he had no more right to arrest Olson than any private citizen would have had—none at all. The statutes expressly provide as to when and how an arrest can be made without warrant. G. S. 1894, §§ 1252, 7120. Section 1252 prescribes that no warrant shall be necessary for the arrest of a person while he is in the act of violating any law of the state of Minnesota, or in the act of violating a village ordinance. Under such circumstances the officer may arrest without a warrant. Section 7120 provides that the arrest may be made by an officer without a warrant when a public offense has been attempted or committed in his presence, and also when a felony has been committed, although not in his presence. This section is practically an affirmation of the common-law rule, which is that an arrest without a warrant has never been lawful except in those cases where the public security requires it; and this has only been recognized in felony and in breaches of the peace committed in the presence of the officer. 2 Am. & Eng. Enc. (2d Ed.) 869, and notes. As to the power to arrest when there has been a vio-

lation of a city ordinance, see same volume, page 873, etc., and notes; also Wahl v. Walton, 30 Minn. 506, 16 N. W. 397.

It is hardly necessary to say that Olson was not taken into custody under the provisions of either of these sections, and that, as an arrest without a warrant cannot be made except as therein provided, his arrest and detention by the marshal, without having the writ of commitment in his hands, was wholly unjustifiable. In view of these facts and the condition of the record, we decline to discuss the other questions raised by counsel for appellant.

Order affirmed, and the relator, Olson, discharged.