THE PEOPLE, PLAINTIFF AND APPELLEE, v. HERNÁNDEZ,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a
Prosecution for Aggravated Assault and Battery.

No. 811.—Decided July 24, 1915.

ARREST—WARRANT—MISDEMEANOR.—In making an arrest without a warrant for
a breach of the peace or any other misdemeanor, the officer must act promptly
at the time the offense is committed. If he does not act immediately after
the offense has been committed, as a rule he cannot make an arrest later
without securing a warrant and proceeding in accordance with its terms.

ID.—WARRANT—REASONABLE TIME.—Where the facts are undisputed the question
as to what is a reasonable time within which an officer may make an arrest
without a warrant is a matter for the court to determine.

ID.—WARRANT—ASSAULT AND BATTERY.—When after having witnessed the com-
mission of a misdemeanor a policeman departs on other business, or for
other purposes, and afterwards returns, he cannot then make an arrest for
the said offense without a warrant. If he does make the arrest in such
circumstances without informing the defendant of his authority to make the
arrest or of the crime charged against him and is assaulted and beaten by
the defendant, the offense is one of simple assault and battery.

The facts are stated in the opinion.

*Mr. Antonio Trujillo Guil* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Gaspar Hernández was charged with having committed
an aggravated assault on Higinio González, a police officer.
The testimony of this policeman tended to show that on the
night of March 7 he went to the shop of the defendant to in-
duce the latter to sell something to eat to Juan de la Cruz
for the latter's family; that it was after the hour that shops
were allowed to remain open, but one door of defendant's
shop was open while all the others were closed; that the
defendant refused to sell anything and called the policeman
several hard names like *"canalla," "ranchista"* and others,
which would imply that defendant suspected that the police
officer had come to trap him; that the policeman retired,
the defendant still continuing to use provocative language;

that when the policeman, as stated by him, came back later
and tried to arrest defendant for the use of this insulting
and provocative language, the defendant assaulted and bat-
tered him, throwing several things at him, one or more of
which struck him. It does not appear that the police officer
suffered any injury.

The witness Pavón was called by the government. He
gave testimony tending to show that the policeman gave the
provocation, but he finally said under examination by the
*fiscal* that he had previously stated to that officer that a bot-
tle was thrown in the shop of Gaspar Hernández. His
testimony was favorable to Hernández. The *fiscal* sought to
show that Pavón had made contradictory statements and
both the *fiscal* and the judge asked him questions tending to
show that the wife of the witness was related to the wife of
Gaspar Hernández. We think, in spite of the irregularities
in its production, the evidence tended to show that Gaspar
Hernández committed an assault and battery on Higinio
González. On the other hand, we do not think that when
the policeman went back to the shop of Hernández he was
there in the discharge of an official duty. The policeman
says that he told the defendant he was arrested, but there
was no showing that the said policeman had a warrant or that
he informed the defendant of the crime with which he was
charged. Section 121 of the Code of Criminal Procedure
provides:

"The person making an arrest must inform the person to be
arrested of the intention to arrest him, of the cause of the arrest,
and the authority to make it, except when the person to be arrested
is actually engaged in the commission of or an attempt to commit
an offense, or is pursued immediately after its commission, or after
an escape."

The law is set forth in 2 Ruling Case Law, 451, to wit:

"In making an arrest without a warrant for breach of the peace
or a misdemeanor, an officer must act promply at the time of the
offense. If he does not act immediately after the offense has been

committed he can thereafter make arrests only by procuring a warrant and proceeding in accordance with its terms. The same rule applies to an arrest made by a private individual in cases in which, if he acts immediately, an arrest without a warrant would be permitted. The reason for the rule lies in the principle that the authority to make an arrest without a warrant for a misdemeanor exists only when it is necessary to maintain the public peace. Where the facts are undisputed the question as to what is a reasonable time within which an officer may make an arrest without a warrant is a matter for the court to determine. A delay of half an hour in order to procure help in making the arrest may be reasonable, while a delay of two hours may be unreasonable, especially if the officer meanwhile is doing nothing connected with the arrest. A delay of several months before an attempt is made to arrest for breach of an ordinance cannot in any way be justified. The shortness of the interval does not really determine whether the right to make the arrest without a warrant exists, but the delay merely throws light on the question whether the arrest was made as soon as the circumstances permitted. When a policeman, after having seen a breach of the peace or a misdemeanor committed, departs on other business, or for other purposes, and afterwards returns, he cannot without a warrant make an arrest for the offense; but where the officer finds it necessary to procure assistance, a considerable time may be employed in the pursuit. The officer must at once set about the arrest, and follow up the effort until the arrest is effected. There should be no delay in making the arrest, and in order to justify it there should be a continued attempt on the part of the officer or person apprehending the offender to make the arrest, and he cannot delay for any purpose which is foreign to the accomplishment of the arrest.''

See also commentaries to section 836, Penal Code of California, equivalent to section 116, Code Criminal Procedure. See also *Wahl* v. *Walton*, 30 Minn. 506. No reason is shown for not making the arrest at the time of the alleged first provocation. The defendant was not informed of the authority of the policeman to make the arrest or of the crime charged against him. Hence there was no aggravated assault and battery and the judgment must be

*Modified and affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.