## EL PUEBLO, DEMANDANTE Y APELADO, v. HERNÁNDEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa sobre acometimiento y agresión con circunstancias agravantes.

No. 811.—Resuelto en julio 24, 1915.

ARRESTO SIN MANDAMIENTO—MISDEMEANOR—ARRESTOS POR FUNCIONARIOS—PRONTITUD EN EL ARRESTO.—Al hacer un arresto sin mandamiento por alteración de la paz pública o por cualquier otro *misdemeanor* el funcionario debe actuar prontamente cuando se comete el delito. Si no procede inmediatamente después que se ha cometido el delito, por regla no podrá luego verificar el arresto sin obtener un mandamiento y procediendo de conformidad con sus términos.

ID.—TIEMPO RAZONABLE PARA HACER EL ARRESTO.—Cuando no hay discusión sobre los hechos la cuestión relativa a qué es lo que se considera como un tiempo razonable dentro del cual puede verificarse el arresto por un funcionario sin mandamiento, es una cuestión que debe resolver la corte.

ID.—ARRESTO POR UN POLICÍA—MANDAMIENTO DE ARRESTO—ACOMETIMIENTO Y AGRESIÓN SIMPLE.—Cuando un policía después de haber visto la comisión de un delito de *misdemeanor* se retira para ocuparse de otros asuntos o para otros fines y luego regresa, no puede entonces sin mandamiento practicar el arresto por dicho delito; pero si, sin embargo, en esas condiciones lo verifica, sin informar al acusado de su facultad para arrestarlo o del delito de que se le acusa, y en ese acto es acometido y agredido por el acusado, el acometimiento y agresión es de carácter simple.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Trujillo Güil.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

Gaspar Hernández fué acusado de haber cometido un delito de acometimiento y agresión con circunstancias agravantes en la persona de Higinio González, policía insular. La declaración de este policía tendía a probar que en la noche del 7 de marzo fué a la tienda del acusado a hacer que éste último le vendiera algo de comer a Juan de la Cruz para su familia; que eso fué después de la hora hasta la cual se

permite que estén abiertos los establecimientos, pero que una puerta de la tienda del acusado estaba abierta mientras todas las demás se encontraban cerradas; que el acusado se negó a vender nada, profiriendo contra el policía varias palabras insultantes, así como las de "canalla," "ranchista," y otras que indican que el acusado sospechaba que el policía había venido a hacerlo caer en una trampa. El policía se retiró continuando todavía el acusado usando lenguaje provocativo; que cuando el policía volvió luego, según dijo éste, y trató de arrestarlo por usar este lenguaje insultante y provocativo, el acusado le acometió y agredió, tirándole con varias cosas y dándole con una o más de ellas. No consta que el policía recibiera algún daño.

El testigo Pavón fué llamado por el Fiscal. La declaración de este testigo tendió a demostrar que la provocación partió del policía, pero al ser preguntado últimamente por el Fiscal, manifestó que antes había dicho a ese funcionario que tiraron una botella en la tienda de Gaspar Hernández. Su declaración fué favorable a Hernández. El Fiscal pretendió probar que Pavón había hecho manifestaciones contrarias, y tanto el Fiscal como el juez le hicieron preguntas tendentes a establecer el hecho de que la esposa del testigo estaba emparentada con la de Gaspar Hernández. Creemos que a pesar de las irregularidades en su presentación, la prueba tendía a mostrar que Gaspar Hernández acometió y agredió a Higinio González. Por otra parte no somos de parecer de que cuando el policía volvió a la tienda de Hernández estuviera entonces en el ejercicio de un deber oficial. Expresa el policía que él le dijo al acusado que estaba arrestado pero no existe nada que demuestre que dicho policía tenía en su poder un mandamiento de prisión o que informó al acusado del delito por el cual se le acusaba. El artículo 121 del Código de Enjuiciamiento Criminal prescribe lo siguiente:

"La persona que haga un arresto deberá informar a la persona que ha de ser arrestada de la intención de arrestarlo, de la causa

del arresto, y de la autoridad que se tenga para hacerlo, excepto cuando la persona que ha de ser arrestada esté en aquel momento empeñada en la comisión de un delito o en una tentativa para cometerlo, o sea perseguida inmediatamente después de la perpetración del mismo, o después de su fuga de una prisión.''

La ley sobre esta materia aparece expresada en el tomo 2 de Ruling Case Law, página 451, a saber:

''Al hacer un arresto sin mandamiento por alteración de la paz u otro *misdemeanor* el funcionario debe actuar prontamente cuando se comete el delito. Si no procede inmediatamente después que se ha cometido el delito únicamente podrá luego verificar el arresto obteniendo un mandamiento y procediendo de conformidad con sus términos. La misma regla es aplicable al arresto hecho por un individuo particular en aquellos casos en que de actuar inmediatamente se permite el arresto sin mandamiento. La razón que hay para esta regla se basa en el principio de que la facultad para hacer un arresto sin mandamiento en un caso de *misdemeanor* existe únicamente cuando se hace necesario para conservar la paz pública. Cuando no hay discusión sobre los hechos la cuestión relativa a qué es lo que se considera como un tiempo razonable dentro del cual puede verificarse un arresto por un funcionario sin un mandamiento es una cuestión que ha de resolver la corte. Una demora de media hora para solicitar ayuda al hacer un arresto puede ser razonable, mientras que una demora de dos horas tal vez no sea razonable particularmente si en el ínterin el funcionario no está haciendo nada relacionado con el arresto. Una demora de varios meses antes de tratar de verificar un arresto por infracción de una ordenanza no puede estar justificada de ningún modo. La brevedad del intervalo en realidad no determina la existencia del derecho a proceder al arresto sin mandamiento, pero la demora meramente proporciona alguna claridad en la cuestión de si el arresto se verificó tan pronto como lo permitieron las circunstancias. Cuando un policía después de haber visto una alteración de la paz o la comisión de cualquier otro *misdemeanor* se retira para ocuparse de otros asuntos, o para otros fines, y luego regresa, no puede entonces sin un mandamiento practicar un arresto por dicho delito; pero cuando se hace necesario para el funcionario solicitar ayuda de otras personas puede emplear un tiempo considerable con tal objeto. El funcionario debe proceder a hacer el arresto inmediatamente y continuar su esfuerzo en tal sentido hasta efectuar el mismo. No debe existir demora alguna al

hacer el arresto y para justificarlo ha de haber un esfuerzo sin in terrupción en hacer el arresto por parte del funcionario o persona que detiene al delincuente y no podrá demorarse por ningún motivo que no esté relacionado con la realización del arresto.''

Véanse también los comentarios al artículo 836 del Código Penal de California, equivalente al 116 del Código de Enjuiciamiento Criminal. También el caso de *Wahl* v. *Walton,* 30 Minn., 506. No se ha mostrado razón alguna para que no se hubiera hecho el arresto cuando tuvo lugar la primera provocación que ha sido alegada. El acusado no fué informado de la facultad del policía para verificar el arresto o del delito de que se le acusaba. No hubo por tanto acometimiento y agresión grave y debe modificarse la sentencia.

> *Revocada la sentencia apelada en cuanto condena al acusado por un delito de acometimiento y agresión con agravantes, y declarando al acusado culpable de acometimiento y agresión simple.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.