## CORNELIUS WITTE v. FRANK E. HABEN.[1]

### November 5, 1915.

### Nos. 19,404—(68).

**False imprisonment.**

> In an action for false arrest and imprisonment it is not a justification that the defendant as a police officer made the arrest upon reliable information that the plaintiff was insane, that the officer in good faith believed this to be true, and that an ordinarily prudent person under the same conditions would have entertained and acted upon such belief, the arrest being made without warrant and there being no proof of insanity nor any urgent necessity for restraint even had plaintiff been in fact insane.

Action in the district court for St. Louis county to recover $3,000 for false imprisonment. The defense is stated in the opinion. The case was tried before Hughes, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $800. Defendant's motion for a new trial was granted on the ground that the court erred in its instructions to the jury and the further ground that the damages were excessive. The parties having stipulated that the verdict should be reduced to $400, the former order

1 Reported in 154 N. W. 662.

Note.—As to liability of officer for making an arrest, see notes in 51 L.R.A. 193; 42 L.R.A.(N.S.) 69; and L.R.A. 1915E, 172.

was vacated, and a new trial was granted solely on the ground that the court erred in its instructions to the jury. From the second order granting defendant's motion for a new trial, plaintiff appealed. Reversed.

*John A. Keyes,* for appellant.

*S. C. Scott,* for respondent.

HOLT, J.

Action for false imprisonment. Verdict for plaintiff, and from the order granting a new trial he appeals.

In a charge notable for perspicuity and brevity the jury were instructed that the evidence introduced by the defendant to substantiate the alleged justification for the arrest failed as a defense, and that their only duty was to determine and award the actual damages sustained by plaintiff, since all claims for punitive damages were withdrawn. By stipulation the verdict was reduced to $400. The court approved this as a proper amount, but granted defendant's motion for a new trial solely upon the ground of error in the charge.

The defense pleaded was, in short: That defendant was a police officer in Hibbing; that he was advised by the chief of police that plaintiff was carrying a concealed weapon, was acting strangely, and there was some question of his sanity; that defendant was instructed by said chief to arrest plaintiff and hold him in jail until his sanity could be investigated and determined; that defendant was advised by two other persons of certain strange acts of plaintiff; that defendant had reason to believe and did believe that plaintiff was mentally deranged; and that a physician was immediately called to make an examination of plaintiff upon whose advice he was held until the next day when he was released. It was conceded that the arrest was made without a warrant, and was not for any offense committed by plaintiff, or upon suspicion that he had committed a felony.

The learned trial court conceived that the law applied by him in submitting the case, although concededly in accord with text-books and decisions, was not reasonable and should not obtain in this state. He states: "I do not consider the rule that one who arrests another on the ground of mental unsoundness is liable for false imprisonment unless he can

prove that the person so arrested was mentally unsound, to be as reasonable as the rule that would require the person making such arrest to show facts and circumstances which would lead an ordinarily prudent man acting without malice to the belief that such person was mentally unsound; in other words, that as there was probably cause for believing the person mentally unsound from his actions, conduct, manner of speech, or otherwise, that that would be a sufficient defense to an action for false imprisonment against the one making the arrest. Under the circumstances I am of the opinion that the latter rule should have been given to the jury, and it is for that reason alone that a new trial of this action is granted."

There is force in the position that it is a harsh rule to hold a police officer for false imprisonment, when the conduct of the one imprisoned has been such that the ordinarily prudent officer upon the information obtained would come to the conclusion that he was insane and ought to be detained. But, on the other hand, it is readily seen to what oppression and harm a rule would lend itself, under which a citizen may be deprived of his liberty without right and without redress because, at some time or other, he has exhibited certain peculiarities or abnormal traits which, through malice or otherwise, come to the ears of an officer who, in good faith, arrests upon the report. As said by the court in Wahl v. Walton, 30 Minn. 506, 16 N. W. 397: "The power to arrest without warrant, while it may in some cases be useful to the public, is dangerous to the citizen, for it may be perverted to purposes of private malice or revenge, and it ought not, therefore, to be enlarged." The mere fact that one has been arrested on the charge of insanity may be sufficient, as it was in this case, to give a reputation that will exclude the one concerned from earning a livelihood in positions of responsibility. But, above all, the law does not permit even an officer to restrain or imprison a person without a warrant, except for a public offense committed or attempted in the officer's presence, or when the person has committed a felony, or when a felony has been committed and the officer has reasonable cause for believing the person arrested the perpetrator, or upon a charge made upon reasonable cause of the commission of a felony by the person arrested. G. S. 1913, §9066. No right, as already stated, was claimed to make the arrest under this statute. Neither was it al-

leged nor attempted to be proven that plaintiff was insane or mentally unbalanced so that he might be subject to temporary restraint under subdivision 6 of section 8634, G. S. 1913. The record is barren of any testimony tending to show that plaintiff had ever attempted any crime, or had by word or deed disturbed any person, or had at any time been a menace to himself or others. On the day he was arrested he quietly walked to the depot and boarded the train under the observation of defendant, and the only peculiarity defendant noticed was that plaintiff looked around more than men ordinarily do. Under this situation no defense or justification for the arrest could exist. It was unlawful and entitled plaintiff to damages. The court in ,the charge given took the right view. And an attentive examination of the evidence fails to make out justification for the arrest, even were the rule such as the learned trial court now deems it should be. But, as indicated, under our statutes and, we believe, under the common law, the rule is that in an action against an officer for false arrest and imprisonment the officer cannot justify upon the ground that he made the arrest upon reliable information that the person arrested was insane, that he fully believed this to be a fact, and as a reasonably prudent officer was justified in so believing. If he without a warrant arrests a person on the ground and belief that such person is insane, proof of insanity is the only defense in a suit for unlawful imprisonment, where there is no claim that any disturbance or impending danger necessitated the arrest. But even in cases of insanity arrest without legal warrant is not always justifiable. "An insane person may be arrested and detained without legal process only when it is reasonably necessary" (Keleher v. Putnam, 60 N. H. 30, 49 Am. Rep. 304), and the court held that a state of mild insanity did not make it reasonably necessary. Addison, Torts (8th ed.) p. 184; 1 Cooley, Torts (3d ed.) pp. 309, 310, et seq.; Look v. Dean, 108 Mass. 116, 11 Am. Rep. 323; and Colby v. Jackson, 12 N. H. 526.

We are constrained to reverse the order granting a new trial and remand the case for judgment upon the verdict as reduced.

Order reversed.